## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOSHUA WILSON**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**WASH MASTERS, L.P.**,<br><br>Defendant. | Case No. 4:26-cv-00217-O<br><br>**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT** |

Anthony Paronich, counsel for Plaintiff, and Andrew Boone, counsel for Defendant, conducted their Rule 26(f) scheduling conference on April 7, 2026, at 2:00 p.m. CDT. Counsel discussed the nature and bases of their respective claims and defenses and the possibilities for a prompt resolution of the case. During the conference, counsel mutually determined that written discovery on certain topics will be necessary for each party to rationally evaluate its respective settlement position. The Parties' responses to the items requested in the Court's Order of March 23, 2026, are as follows:

**(1)    A brief statement of the claims and defenses:**

Plaintiff alleges that Defendant violated the TCPA by sending unsolicited promotional text messages to his residential telephone number, 469-836-XXXX, from short code 30400. Beginning on July 29, 2024, Defendant sent at least twenty-eight (28) messages promoting its car wash services. Plaintiff asserts he did not consent to receive these messages and that he used his number solely for personal, residential purposes. Plaintiff texted Defendant "STOP" on September 13, 2024, and again on February 8, 2025, yet Defendant continued sending messages, including at least twenty-three (23) after the initial revocation. Plaintiff also placed his number on the National Do-Not-Call Registry on November 17, 2024, but Defendant continued sending messages more

1

than 31 days thereafter. Plaintiff further alleges the messages were sent using automated equipment, as evidenced by their uniform content, volume, and use of a short code.

Defendant contends that it did not send the text messages in question and is therefore not liable for any of Plaintiff's claims. Defendant also contends that Plaintiff's third cause of action, which seeks relief under the Texas Telephone Solicitation Act, fails to state a claim, as the definition of "automated dialing announcing system" in the Texas Act does not describe a device used to send text messages.

The principal factual issues in dispute include whether Defendant sent or caused the messages to be sent, whether Plaintiff consented or effectively revoked consent by instructing Defendant to stop contacting him, and whether Defendant received and failed to honor Plaintiff's opt-out requests.

**(2)     A proposed time limit to file motions for leave to join other parties:**

The Parties propose that motions for leave to join additional parties be filed by June 25, 2027.

**(3)     A proposed time limit to amend the pleadings:**

Plaintiff does not currently anticipate any amendments to the complaint. However, Plaintiff respectfully reserves the right to seek leave to amend after taking discovery. The Parties propose that any motions to amend pleadings be filed by June 25, 2027.

**(4)     Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days):**

The Parties propose the following schedule for filing motions:

- Plaintiff's Motion for Class Certification and Class Expert Reports: (Plaintiff's proposal: January 27, 2027; Defendant proposes following the deadline provided in Local Rule 23.2).

- Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports: (Plaintiff's proposal: March 31, 2027; Defendant proposes a response deadline of 21 days after Plaintiff's motion for class certification).

- Plaintiff's Reply in Support of Motion for Class Certification: (Plaintiff's proposal: May 5, 2027; Defendant proposes 14 days after Defendant's opposition to motion for class certification).

- Dispositive Motions: September 15, 2027.

- Oppositions to Dispositive Motions: October 13, 2027.

- Replies in Support of Dispositive Motions: October 27, 2027.

**(5)    A proposed time limit for initial designation of experts:**

The Parties shall designate experts by January 27, 2027.

**(6)    A proposed time limit for responsive designation of experts:**

The Parties shall designate responsive experts by March 31, 2027.

**(7)    A proposed time limit for objections to experts (i.e., Daubert and similar motions):**

All motions challenging expert testimony shall be filed no later than July 14, 2027.

**(8)    A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:**

The Parties propose that discovery be conducted on all matters relevant to Plaintiff's claims and Defendant's defenses, including, but not limited to: (1) ESI regarding the calls placed and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to consent to receive calls; (4) ESI regarding the dialing systems used to make the calls

at issue; (5) contracts and other documents relating to the relationships among Defendant, its third-party affiliates, and other entities involved in generating purported leads; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by the Defendant, and Defendant's responses thereto.

The Parties propose the following schedule:

- Plaintiff's Motion for Class Certification and Class Expert Reports: January 27, 2027.

- Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports: March 31, 2027.

- Plaintiff's Reply in Support of Motion for Class Certification: May 12, 2027.

- Close of Fact Discovery: June 9, 2027.

The Parties propose that expert discovery be completed by June 9, 2027. Discovery will not be conducted in phases.

**(9)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

At this time, the Parties do not propose any modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules but reserve the right to seek such modifications if necessary.

**(10)   Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

Where proportionate to the case, electronic documents shall be produced in the form of multi-page, color, Bates-numbered PDF images together with load files.  All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and photographic files, including any such files attached to emails, shall be produced in native format, if available. The following metadata shall be included in the load files to the extent that the metadata is embedded in the individual electronic documents. If there are any issues with the production of

these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

The Parties have agreed to meet and confer on a proposed ESI order and anticipate filing a stipulated ESI protocol order for the Court's consideration and approval.

**(11)  Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a Court Order;**

The Parties are aware of, and are taking reasonable steps to comply with, all evidence preservation obligations. There are no issues at this time.

**(12)  A proposed trial date, estimated number of days required for trial and whether a jury has been demanded;**

Plaintiff requests a jury trial. The Parties propose a trial date of January 10, 2028, and anticipate that a class action trial would last approximately five (5) to seven (7) days.

**(13)  A proposed date for further settlement negotiations;**

The Parties propose to engage in further settlement negotiations by June 2027.

**(14)  Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties do not currently anticipate objections to Rule 26(a)(1) disclosures. Initial disclosures have been or will be exchanged by April 21, 2026.

**(15)    Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge (if all parties consent, please submit the attached consent form);**

The Parties do not consent to trial before a U.S. Magistrate Judge.

**(16)    Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The Parties are amenable to mediation and believe it would be most effective after the exchange of initial discovery and prior to class certification briefing. The Parties will confer regarding a mutually agreeable mediator.

**(17)    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

The Parties do not propose any additional scheduling provisions at this time, but will cooperate to ensure efficient case management.

**(18)    Whether a conference with the Court is desired; and**

The Parties do not believe a conference with the Court is necessary at this time.

**(19)    Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

The Parties are not aware of any other matters requiring the Court's attention at this time.

/s/   *Cassandra P. Miller*
**Counsel for Plaintiff(s)**                                    **Date**      April 9, 2026

/s/  *W. Andrew Boone*
**Counsel for Defendant(s)**                               Date  *April 8, 2026*

6

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on April 9, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 9th day of April, 2026.

Respectfully submitted,

By: */s/ Cassandra P. Miller*