UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASH MASTERS, L.P.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:26-cv-00217-O |

**DEFENDANT WASH MASTERS, L.P.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Wash Masters, L.P. (Wash Masters) files this Original Answer to Plaintiff Joshua Wilson's First Amended Class-Action Complaint filed July 22, 2026 (ECF No. 18).

**ADMISSIONS AND DENIALS**

1. Paragraph 1 contains a statement about the pleading to which no response is required. To the extent a response is required, the content of the paragraph is denied.

2. Denied.

3. Paragraph 3 contains a statement about the pleading to which no response is required. To the extent a response is required, the content of the paragraph is denied.

4. Admitted.

5. Admitted that Aradi Properties, LLC, is a Texas limited liability company that owned the Wash Masters-branded franchise located in Grand Prairie, Texas during the relevant period. Otherwise, denied.

6. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 6.

7. Denied.

1

8.      Wash Masters does not contest the Court's subject-matter jurisdiction.

9.      Wash Masters does not contest that it is subject to this Court's personal jurisdiction but denies that it directed telemarketing calls to Texas residents. Wash Masters lacks sufficient knowledge or information to form a belief or a legal position as to the propriety of personal jurisdiction over the other Defendants.

10.     Wash Masters does not challenge venue. Wash Masters lacks sufficient knowledge or information to form a belief about the allegation that a substantial part of the events or omissions giving rise to the claims occurred in this District.

11.     Wash Masters does not contest the Court's supplemental jurisdiction.

12.     Paragraph 12 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

13.     Paragraph 13 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

14.     Paragraph 14 states an internal definition to which no response is required. To the extent a response is required, the content of the paragraph is denied.

15.     Paragraph 15 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

16.     Paragraph 16 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

17.     Paragraph 17 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

18.     Paragraph 18 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

19.     Paragraph 19 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

20.     Paragraph 20 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

21.     Paragraph 21 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

22.     Paragraph 22 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

23.     Paragraph 23 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

24.     Paragraph 24 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

25.     Paragraph 25 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

26.     Paragraph 26 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

27.     Paragraph 27 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

28.     Paragraph 28 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

29.     Paragraph 29 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

30.    Paragraph 30 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

31.    Paragraph 31 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

32.    Paragraph 32 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

33.    Paragraph 33 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

34.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 34.

35.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 35.

36.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 36.

37.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 37.

38.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 38.

39.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 39.

40.    Wash Masters denies it violated the TCPA. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants.

41.    Admitted.

42.    Wash Masters admits that Plaintiff sent a text message reading "Stop" to the short code 30400 on September 13, 2024. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

43.    Wash Masters denies that Plaintiff received text messages from Wash Masters itself. Wash Masters lacks sufficient knowledge or information to form a belief as to the truth of the allegations against the other defendants in Paragraph 43.

44.    Wash Masters admits that Plaintiff sent a text message reading "Stop" to the short code 30400 on February 8, 2025. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

45.    Wash Masters denies that Plaintiff received a text message containing references to Wash Masters-branded services on May 20, 2025, or October 16, 2025. Wash Masters lacks sufficient knowledge or information to form a belief as to whether Plaintiff received text messages containing references to Wash Masters-branded services on February 11, 2026. Otherwise, admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Paragraph 50 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

51.    Admitted.

52.     Wash Masters admits that it identified Aradi Properties, LLC as an entity involved in the challenged text message campaign. Otherwise, denied.

53.     Wash Masters denies that it maintained customer telephone numbers, customer marketing databases, automated messaging systems, suppression lists, and opt-out records used in connection with the challenged text message campaign. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 53.

54.     Wash Masters denies that OptSpot acted as its agent in transmitting automated promotional text messages promoting Wash Masters-branded services. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 54.

55.     Wash Masters denies that it sent text messages using equipment of any kind. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 55.

56.     Wash Masters admits that the text messages Plaintiff received (and has produced to Wash Masters) were uniform in format and content. Wash Masters denies the remaining allegations to the extent they relate to Wash Masters specifically. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 56.

57.     Wash Masters admits that some of the messages were impersonal and generic in nature, containing standardized promotional language. Wash Masters does not know what Plaintiff means by "Defendants' website" and therefore cannot admit or deny the allegations in this paragraph.

58.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 58.

59.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 59.

60.    Wash Masters denies that it had a system capable of storing lists of consumer telephone numbers and sending identical promotion messages simultaneously or in rapid succession to numerous recipients or to any recipients. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 60.

61.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 61.

62.    Paragraph 62 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

63.    Admitted.

64.    Admitted.

65.    Wash Masters lacks sufficient knowledge or information to form a belief about the truth of Paragraph 65.

66.    Wash Masters denies that it transmitted telemarketing text messages. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the  allegations against the other defendants in Paragraph 66.

67.    Wash Masters denies that it transmitted telemarketing text messages. Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations against the other defendants in Paragraph 67.

68.     Wash Masters admits that it authorized the use of some trademarks, trade dress, and business system to Aradi Properties, LLC. Otherwise, denied.

69.     Denied.

70.     Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70.

71.     Wash Masters admits that the enrollment form identified in OptSpot's production invited consumers to enroll in automated text message alerts from "Wash Masters." The remaining allegations of Paragraph 71 contain statements of opinion that Wash Masters cannot verify and which it therefore denies.

72.     Paragraph 72 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

73.     Paragraph 73 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

74.     Paragraph 74 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

75.     Wash Masters lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75.

76.     Admitted.

77.     Denied.

78.     Denied.

79.     Paragraph 79 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

80.     Paragraph 80 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

81.     Paragraph 81 states an internal definition to which no response is required. To the extent a response is required, the content of the paragraph is denied.

82.     Paragraph 82 states an internal definition to which no response is required. To the extent a response is required, the content of the paragraph is denied.

83.     Paragraph 83 contains a statement about the pleading to which no response is required. To the extent a response is required, the content of the paragraph is denied.

84.     Paragraph 84 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

85.     Paragraph 85 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

86.     Paragraph 86 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

87.     Paragraph 87 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

88.     Paragraph 88 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

89.     Paragraph 89 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

90.     Paragraph 90 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

91.     Paragraph 91 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

92.     Paragraph 92 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

**FIRST CAUSE OF ACTION: TELEPHONE CONSUMER PROTECTION ACT;**
**47 C.F.R. § 64.1200(c)**

93.     Wash Masters restates its answers to each preceding paragraph as if recited herein.

94.     Paragraph 94 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

95.     Paragraph 95 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

96.     Denied.

97.     Paragraph 97 states a conclusion of law and a claim for damages to which no response is required. To the extent a response is required, the content of the paragraph is denied.

98.     Paragraph 98 states a conclusion of law and a claim for injunctive relief to which no response is required. To the extent a response is required, the content of the paragraph is denied.

**SECOND CAUSE OF ACTION: TELEPHONE CONSUMER PROTECTION ACT;**
**47 C.F.R. § 64.1200(d)**

99.     Wash Masters restates its answers to each preceding paragraph as if recited herein.

100.    Paragraph 100 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

101.    Paragraph 101 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

102.    Denied.

103. Paragraph 103 states a conclusion of law and a claim for damages to which no response is required. To the extent a response is required, the content of the paragraph is denied.

**THIRD CAUSE OF ACTION: TEXAS TELEPHONE SOLICITATION ACT**

104. Wash Masters restates its answers to each preceding paragraph as if recited herein.

105. Paragraph 105 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

106. Paragraph 106 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

107. Paragraph 107 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

108. Wash Masters denies that Plaintiff received any text messages from it. Wash Masters lacks sufficient knowledge or information to form a belief about the truth about the remaining allegations against Wash Masters specifically or any allegations in Paragraph 108 about any other defendants.

109. Wash Masters denies that it used any technology to initiate or cause the initiation of any promotional text messages. Wash Masters lacks sufficient knowledge or information to form a belief about the truth about the allegations against the other defendants in Paragraph 109.

110. Paragraph 110 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

111. Paragraph 111 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

112. Paragraph 112 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

113.    Paragraph 113 states a conclusion of law to which no response is required. To the extent a response is required, the content of the paragraph is denied.

## FAILURE TO STATE A CLAIM

114.    Plaintiff cannot recover on his Third Cause of Action because he fails to state a claim for which relief can be granted. Plaintiff alleges that Defendant violated the Texas Telephone Solicitation Act ("Texas Act") by sending text messages "using an automatic dialing system or similar automated technology that qualifies as an automatic dialing announcing device under the Texas Act."[1] But the only definition in the Texas Business and Commerce Code for "automated dial announcing device" is "automated equipment used for telephone solicitation or collection that can: (A) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator; and (B) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator." TEX. BUS. & COM. CODE § 301.001. Notwithstanding any contrary provisions found elsewhere in the Texas Act, the definition of "automated dial announcing device" describes a device that places phone calls, not one that sends text messages. Plaintiff does not allege that he received any phone calls from Defendant; only that he received text messages. Thus, under the definition of "automated dial announcing device," Plaintiff's Third Cause of Action should be dismissed for failure to state a claim.

## PRAYER

For the foregoing reasons, Wash Masters asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and grant Wash Masters all relief at law or in equity to which Wash Masters is justly entitled.

---

[1] ECF No. 18 ¶ 62.

Dated: August 13, 2026.

*W. Andrew Boone*

Brian C. Newby
State Bar No. 14947320
bnewby@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
W. Andrew Boone
State Bar No. 24137937
aboone@canteyhanger.com
CANTEY HANGER, LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-877-2807

**ATTORNEYS FOR DEFENDANT**
**WASH MASTERS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of August 2026, the attached document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing.

*W. Andrew Boone*

Andrew Boone