UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASH MASTERS, L.P., ARADI PROPERTIES, LLC, OPTSPOT, LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 4:26-cv-00217-O |

**DEFENDANT ARADI PROPERTIES, LLC'S 12(b)(6), OR IN THE ALTERNATIVE 12(b)(1) OR 12(b)(5), MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Aradi Properties, LLC ("Aradi"), by and through its undersigned counsel, pursuant to Rule 12(b)(6), and in the alternative 12(b)(1) or 12(b)(5), of the Federal Rules of Civil Procedure, respectfully moves to dismiss the claims Plaintiff Joshua Wilson's First Amended Class-Action Complaint ("Complaint"), filed on July 22, 2026 (ECF No. 18), and in support argues as follows:

This Court should dismiss the Complaint in its entirety for failing to state a claim upon with relief can be granted under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the Texas Telephone Solicitation Act ("TTSA"), Tex. Bus. & Com. Code § 305, and alternatively, for lack of standing or insufficiency of service of process, for the following reasons:

***First*, the Complaint Fails to State a Claim for Direct TCPA Liability Against Aradi (Counts I and II).** Plaintiff has not sufficiently pled facts to support either direct or vicarious liability under the TCPA. Courts within the Fifth Circuit have

held that "[d]irect liability under the TCPA . . . applies only to entities that 'initiate' the telemarketing calls." *Cunningham v. Daybreak Solar Power*, LLC, No. 4:22-CV-00599-O, 2023 WL 12253851, at *3 (N.D. Tex. Jan. 30, 2023) (J. O'Connor) (citing *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013)). Here, Plaintiff makes clear that OptSpot initiated the offending text messages, and Plaintiff otherwise relies on the conclusory allegation that the TCPA was violated by "Defendants, individually and through their franchisees, agents, contractors, vendors, service providers, and all other persons acting on their behalf." 1st Am. Compl. ¶¶ 94, 95 & 100. These bare recitations are insufficient to state a claim for direct liability against Aradi, as Plaintiff has not pled any facts indicating that Aradi itself initiated the communications at issue. This claim should be dismissed.

***Second*, the Complaint Fails to State a Claim for Vicarious TCPA Liability against Aradi (Counts I and II).** Plaintiff's vicarious liability theory, to the extent it exists, fares no better. Although Plaintiff broadly references "Defendants . . . franchisees, agents, contractors, vendors, service providers, and all other persons acting on their behalf," *See* 1st Am. Compl. ¶¶ 94, 100. The Complaint is devoid of any factual allegations establishing that Aradi exercised control over any other defendant, agent, or caller. Plaintiff does not allege an agency relationship, identify any specific conduct by Aradi directing or authorizing the calls, or otherwise plead facts from which vicarious liability could be inferred. Accordingly, Plaintiff fails to state a claim for vicarious TCPA liability, and this claim should be dismissed.

***Third*, the Complaint Fails to State a Claim Under the TCPA Because Text Messages Are Not "Telephone Calls" (Count I and II):** Plaintiff does not—and cannot—plead the complained-of text messages are "telephone calls" within the

meaning of the TCPA, specifically 47 U.S.C. § 227(c)(5). Although the Fifth Circuit previously applied the TPCA to certain telemarketing text messages, it did so while relying, in part, on Seventh Circuit precedent. *Cf. Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021) (citing among others, *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.)).

That foundation has now shifted. In light of the United States Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025), the Seventh Circuit has adopted a plain-text reading of § 227(c)(5), holding that the provision does not create a private right of action for unwanted text messages. *See Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 536–37 (7th Cir. 2026). This Court should apply the same statutory construction here. Because the Complaint is predicated entirely on text messages, no amendment can cure this defect and Counts I and II should be dismissed with prejudice. *See* 1st Am. Compl. ¶¶ 93-103.[1]

***Fourth*, the Complaint Fails to State a Claim Under 47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c) & (d) Because a Text Message Cannot Constitute a "Call" (Count I) or an "Artificial or Prerecorded-Voice Telephone Call" (Count II):** Count I of the Complaint relies upon 47 C.F.R. § 64.1200(c), which applies by its express terms to telephone calls—not text messages. § 64.1200(c)(1) (placing time restrictions on calls based on the "*called* party's location"); § 64.1200(c)(2)(i)(D) (shielding solicitors from liability for calls if they employ a version of the national do-not-call database obtained "no more than 31 days prior to the date any *call* is made"); § 64.1200(c)(2)(iii) (shielding solicitors if "[t]he telemarketer making

[1] The *Cranor* opinion did not actually analyze whether text messages are covered by the TCPA, as there is no indication that the defendant challenged the TCPA's application to text messages. *See generally* 98 F.3d 686.

the *call* has a personal relationship with the recipient of the *call*"). Count II of the Complaint relies upon 47 C.F.R. § 64.1200(d), which applies by its express terms to the delivery of an "artificial or prerecorded-voice telephone call." Plaintiff fails to plead any factual allegation that the communications at issue involved "call" or an "artificial or prerecorded-voice telephone call." Plaintiff complains only of written text messages, and a written text message is inherently incapable of satisfying that element. *See*, *e.g*., 1st Am. Compl. at ¶¶ 43-45. Because the Complaint does not allege improper calls, Counts I and II fail to state a claim under the TCPA and should be dismissed.

***Fifth*, the Complaint Also Fails to State a Claim Under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) & (d) Because Those Regulations Apply Only "To a Residential Telephone Subscriber." (Count I):** Plaintiff alleges that the calls were made to a cellular phone—not a residential phone. *See*, *e.g*., 1st Am. Compl. at ¶ 34. Various courts have considered similar claims by plaintiffs and found that because regulations § 64.1200(c) & (d) only apply to "residential telephone subscriber[s]," the regulations do not apply to cell phones. *See Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-CV-00669-ALM-CAN, 2021 WL 3085415, at *4 (E.D. Tex. June 16, 2021) (collecting cases), *report and recommendation adopted*, No. 4:19-CV-669, 2021 WL 3085399 (E.D. Tex. July 20, 2021). As such, Plaintiff has failed to state a claim upon which relief can be granted for alleged violations of the TCPA and 47 C.F.R. § 64.1200 (c) & (d).[2]

[2] The *Cranor* opinion also stated the TCPA can apply to cell phones based certain language in on 47 U.S.C. § 227(b)(1). 998 F.3d at 690-91. But the actual regulations that Plaintiff alleges were violated here—47 C.F.R. § 64.1200(c) & (d)—expressly apply to "residential telephone subscriber[s]." *Cranor* does not address whether these specific regulations apply to cell phones despite the express application only to "residential" subscribers.

***Sixth*, the Complaint Fails to State a Claim Under the Texas Telephone Solicitation Act Because Plaintiff's Claims under the TCPA Fail (Count III):** "'If no violation of the TCPA exists, there is no violation of' Section 305.053." *Cunningham v. Creative Edge Mktg. LLC*, No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353, at *6 (E.D. Tex. June 16, 2021) (citing *Shields v. Dick*, No. 3:20-CV-00018, 2020 WL 5522991, at *3 (S.D. Tex. July 9, 2020)), *report and recommendation adopted*, No. 4:19-CV-669, 2021 WL 3048400 (E.D. Tex. July 20, 2021)). Because Plaintiff bases his claim for relief under Section 305 of the Texas Business and Commerce Code on violations of the TCPA, and cannot state a claim under the TCPA, Plaintiff's Texas claim under the Texas Telephone Solicitation Act similarly should be dismissed.

***Seventh*, independently, the Complaint Fails to State a Claim Under the Texas Telephone Solicitation Act Because Text Messages Are Not "Telephone Calls" (Count III):** Plaintiff does not—and cannot—plead that the complained-of text messages were "telephone calls" within the meaning of the Texas Telephone Solicitation Act. *See* TEX. BUS. & COM. CODE § 305.001; *see also* 1st Am. Compl. ¶¶ 104-113. The negative inference is dispositive. When the 89th Texas Legislature enacted S.B. 140 in 2025, it deliberately expanded Chapter 302's definition of "telephone solicitation" to encompass "a call or other transmission, including a transmission of a text or graphic message or of an image." TEX. BUS. & COM. CODE § 302.001(7) (eff. Sept. 1, 2025). And Chapter 304 has included identical text-message language since 2019. *See* Tex. Bus. & Com. Code § 304.002(10). Yet, the Legislature left § 305.001's unadorned "telephone call" language untouched. Under the canon *expressio unius est exclusio alterius*, the Legislature's deliberate choice to extend text-message

coverage to some chapters—but not Chapter 305—confirms that § 305.001 does not reach text-based communications. *See CKB & Assoc. v. Moore McCormack Petroleum*, 734 S.W.2d 653, 655 (Tex. 1987). Because each chapter's definitions apply only "in this chapter," Plaintiff cannot import the broader definitions of Chapters 302 or 304 into Chapter 305 to save an otherwise fatally deficient pleading.

***Eighth*** **(in the alternative, if the relief requested above is not granted) the Complaint Should Be Dismissed under Rule 12(b)(1) Based on Lack of Standing.** Plaintiff lacks Article III standing because the Complaint pleads, at most, a statutory violation untethered to any concrete, personal injury. The Fifth Circuit requires a plaintiff to allege a concrete injury even in statutory-damages cases, and where, as here, Plaintiff alleges bare statutory noncompliance, such allegations are insufficient without facts showing a real injury to Plaintiff. *Cranor*, 998 F.3dat 689**.** Nor does the Complaint allege facts fairly tracing any injury to Aradi. *Id.* ("The plaintiff must have an injury in fact; that injury must be traceable to the challenged conduct of the defendant."). Plaintiff identifies only OptSpot as the sender of the messages and does not allege any role Aradi played in sending those messages, or how the alleged sender acted as Aradi's agent, so the alleged harm depends on speculation. *See* 1st Am. Compl. ¶¶ 5-6. Finally, Plaintiff cannot obtain injunctive or declaratory relief based on past text messages alone because he pleads no imminent, substantial risk that Aradi will contact him again. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 415 (2021). For the foregoing reasons, this Court should grant the motion to dismiss. FED. R. CIV. P. 12(b)(1).

***Ninth*** **(in the alternative, if the relief requested above is not granted) the Complaint Should be Dismissed under Rule 12(b)(5) on the Grounds of Insufficient Service of Process:** Aradi's registered agent, manager, or officer was

not personally served with the summons and complaint. Instead, they were served, on information and belief, on a family member of the owner with no role in Aradi's management or operations and no authorization (by appointment or by law) to accept service of process on Aradi's behalf. Plaintiff's proof of service, filed August 5, 2026, states that the process server "delivered these documents to Aradi Properties, LLC in Ellis County, TX on July 31, 2026, at 7:21 pm at 3412 Ovilla Rd, Red Oak, TX 75154-3302 by leaving the following documents with Salma Sharaf who as Manager/Administrator is authorized by appointment or by law to receive service of process for Aradi Properties, LLC." ECF No. 22 at 1. Records on file with the Texas Secretary of State confirm that Aradi is a manager-managed limited liability company and that its sole Manager is Mohamed Sharaf. *See* **Exhibit A (**Texas Secretary of State Filings). Those same records identify Mohamed Sharaf as Aradi's registered agent, with a registered office at 105 YMCA Drive, Waxahachie, Texas 75165. *Id.* Aradi's most recent Public Information Report on file with the Secretary of State likewise identifies Mohamed Sharaf as Aradi's President and sole Manager. *Id.* Because Salma Sharaf is not Aradi's registered agent, an officer, or a manager and otherwise had no authorization (by appointment or by law) to accept service of process on Aradi's behalf, the purported service on Aradi was not valid or effective under Federal Rule of Civil Procedure 4 ("Rule 4") and this Court should grant the motion to dismiss. FED. R. CIV. P. 4(h)(1)(A), TEX. BUS. ORGS. CODE § 5.201(b)(1) & § 5.255(3).

## CONCLUSION

For the foregoing reasons, Defendant Aradi Properties, LLC respectfully requests that this Court enter an order dismissing Plaintiff Joshua Wilson's First Amended Class-

Action Complaint (ECF No. 18) as asserted against this Defendant for failure to state a claim upon which relief can be granted in its entirety with prejudice.

Alternatively, this Court should enter an order dismissing with prejudice Plaintiff Joshua Wilson's First Amended Class-Action Complaint (ECF No. 18) as asserted against this Defendant for lack for standing.

Alternatively, this Court should enter an order dismissing Plaintiff Joshua Wilson's First Amended Class-Action Complaint (ECF No. 18) as asserted against this Defendant for insufficient service of process in its entirely without prejudice to its re-filing.

Respectfully submitted,

*/s/ Cathy L. Altman*

**Cathy L. Altman**
Texas Bar No. 00794946
Email: caltman@ccsb.com
**Kathryne (Kate) M. Morris**
Texas Bar No. 24061280
Email: kmorris@ccsb.com
**D. Lance Currie**
Texas Bar No. 24065106
Email: lcurrie@ccsb.com
**Alexander M. Breaux**
Texas Bar No. 24150777
Email: abreaux@ccsb.com
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
2200 Ross Ave., Suite 1800
Dallas, Texas 75201
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

*Attorneys for Aradi Properties, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on August 21, 2026, which will send notification of such filing to all counsel of record in the above-captioned matter, in accordance with the Federal Rules of Civil Procedure.

*/s/ D. Lance Currie*
D. Lance Currie