**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOSH WILSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASH MASTERS, L.P., ARADI PROPERTIES, LLC, OPTSPOT, LLC<br><br>Defendants. | No. 26-cv-217 |

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**
**UPON DEFENDANT OPTSPOT, LLC**

Plaintiff Joshua Wilson ("Plaintiff"), by and through undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), Texas Rule of Civil Procedure 106(b)(2), and, to the extent applicable, Texas Rules of Civil Procedure 109 and 109a, for an Order permitting alternate service upon Defendant OptSpot, LLC ("OptSpot") by electronic mail to its Chief Executive Officer, Levi McClendon, at levi@optspot.com, and by certified mail to the address at which Plaintiff has repeatedly attempted personal service. In support, Plaintiff states as follows.

Plaintiff commenced this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227. On July 22, 2026, the Court granted Plaintiff leave to file his First Amended Class Action Complaint, which added OptSpot as a Defendant. See ECF Nos. 17–18. The Clerk issued a summons for OptSpot on July 23, 2026. See ECF No. 21. Plaintiff promptly retained a professional process server to serve OptSpot. As reflected in the Affidavit of Nonservice attached as Exhibit 1, the process server attempted service at:

**2290 W. Maplewood Street**
**Chandler, Arizona 85286-6724.**

The process server made four separate attempts to accomplish service at that address:

- On July 25, 2026 at 9:21 p.m., the process server received no response and observed no vehicles at the property. The process server also attempted unsuccessfully to speak with neighbors.
- On July 29, 2026 at 9:11 p.m., the process server again received no response and observed no vehicles at the property. The process server again attempted unsuccessfully to speak with neighbors.
- On July 30, 2026 at 11:57 a.m., the process server received no response, although a vehicle was parked in the driveway.
- On August 1, 2026 at 9:11 a.m., the process server again received no response, although a vehicle was again parked in the driveway.

*See Ex. 1*, Affidavit of Nonservice. Photographs taken by the process server document the residence and the vehicle present during the latter attempts.

Plaintiff also attempted to avoid the expense of further formal service. On August 11, 2026, counsel emailed OptSpot's Chief Executive Officer, Levi McClendon, at levi@optspot.com, enclosing the First Amended Complaint, summons, and a waiver of service pursuant to Federal Rule of Civil Procedure 4(d). *See* Exhibit 2. Plaintiff requested that OptSpot execute and return the waiver. OptSpot did not do so. There can be no meaningful question that the email address is a functioning means of communicating directly with OptSpot and its chief executive. Mr. McClendon has previously communicated directly with undersigned counsel from levi@optspot.com regarding this very litigation. In a June 1, 2026 email concerning discovery directed to OptSpot, Mr. McClendon identified himself as OptSpot's Chief Executive Officer, discussed *Wilson v. Wash Masters, L.P.* and OptSpot's involvement in the underlying communications, and expressly stated that OptSpot would comply with a court order regarding the discovery being sought. *See* Exhibit 3. Thus, unlike publication or some speculative means of notice, service through the same email address that OptSpot's CEO has actually used to

communicate with Plaintiff's counsel about this litigation is highly likely to provide OptSpot with actual notice.

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation, partnership, or other unincorporated association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 ordinarily provides for service personally or by registered or certified mail. Tex. R. Civ. P. 106(a). When those traditional methods have been unsuccessful, however, Rule 106(b) permits the Court to authorize service "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

The Northern District of Texas recently applied these principles in *Salaiz v. Clutch Health LLC*, 2025 U.S. Dist. LEXIS 87182 (N.D. Tex. 2025). There, the Court explained that Federal Rule 4(e)(1) permits reliance on Texas service rules and that alternative service is appropriate following diligent but unsuccessful attempts at traditional service. *Id.* at *3–8. In determining diligence, *Salaiz* considered the plaintiff's efforts to identify the defendant's whereabouts, unsuccessful personal-service attempts, communications seeking acceptance of service, and other reasonable attempts to locate the defendant. *Id.* at *5–7. The court relied on decisions finding diligence where plaintiffs conducted public-record searches and unsuccessfully attempted service at identified addresses. *See id.* at *6–7 (citing U.S. Bank Nat'l Ass'n v. Micheaux*, No. 23-cv-2692, 2024 WL 4369226, at *3 (N.D. Tex. Sept. 30, 2024); *Reverse Mortg. Funding, LLC v. White*, No. 7:23-cv-43-DC-RCG, 2023 WL 9105675, at *1 (W.D. Tex. June 1, 2023); *Ruiz v.*

*Bank of New York Mellon*, No. 1:22-cv-483-LY-SH, 2023 WL 2656573, at *3 (W.D. Tex. Mar. 27, 2023)). Most significantly, *Salaiz* held that an alternate means of service is proper where it is "as likely as publication to give defendant actual notice." 2025 U.S. Dist. LEXIS 87182, at *7. The Court authorized service through a person known to be in communication with the defendant because that method provided a reliable means of transmitting the summons and complaint to the defendant. *Id.* at *7–8; see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App. 1987) (upholding substituted service under Texas Rule 106).

Plaintiff has more than satisfied the diligence required for alternate service. First, Plaintiff retained a professional process server immediately after OptSpot was added to the case and the summons was issued. The server made four separate attempts to serve OptSpot at the identified Chandler address. Those attempts were made on different days, at significantly different times, including late evening and midday. No one answered. On the final two attempts, however, a vehicle was visibly parked in the driveway. Plaintiff therefore did considerably more than make a single unsuccessful attempt before seeking judicial relief.

Second, Plaintiff independently attempted to obtain OptSpot's voluntary cooperation under Rule 4(d). On August 11, 2026, Plaintiff sent Mr. McClendon the summons, First Amended Complaint, and waiver of service at the email address Mr. McClendon himself uses to conduct OptSpot business. OptSpot did not return the waiver.

Third, and critically, the proposed alternate method is not merely reasonably calculated to provide notice—it uses a communication channel through which OptSpot's CEO has already communicated with Plaintiff's counsel about this very lawsuit. Mr. McClendon previously emailed undersigned counsel from **levi@optspot.com**, identified himself as OptSpot's Chief Executive Officer, discussed OptSpot's records relevant to Plaintiff Wilson and Wash Masters,

articulated OptSpot's position concerning discovery in this action, and stated that OptSpot would comply if the Court ordered further production. Those communications establish that **levi@optspot.com** is active, monitored, and directly controlled by OptSpot's Chief Executive Officer. Emailing the summons and First Amended Complaint to that address is therefore substantially more likely to provide actual notice than publication. Indeed, OptSpot and its CEO plainly already know of the litigation. The facts here are at least as compelling as those in *Salaiz*. There, the court authorized substituted service through a method likely to reach the defendant because the intermediary was demonstrably in communication with him. 2025 U.S. Dist. LEXIS 87182, at *7–8. Here, there is no intermediary at all. Plaintiff proposes to transmit process directly to OptSpot's Chief Executive Officer at the email address from which the CEO has personally communicated with Plaintiff's counsel concerning the lawsuit.

Plaintiff nevertheless proposes an additional physical means of notice. Plaintiff requests permission to send the summons and First Amended Complaint by certified mail to 2290 W. Maplewood Street, Chandler, Arizona 85286-6724, the same address at which four personal-service attempts were made which is a registered address. *See* Exhibit 4. Combining certified mail with direct electronic transmission to OptSpot's CEO provides multiple independent avenues of notice and readily satisfies due process. Due process requires a method "reasonably calculated, under all the circumstances," to provide notice and an opportunity to respond. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The requested service easily satisfies that standard.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Authorizing Plaintiff to serve Defendant OptSpot, LLC by transmitting the Summons and First Amended Class Action Complaint by electronic mail to OptSpot Chief Executive Officer Levi McClendon at levi@optspot.com;
2. Authorizing Plaintiff to additionally transmit the Summons and First Amended Class Action Complaint by certified mail, return receipt requested, addressed to:

   OptSpot, LLC

   2290 W. Maplewood Street

   Chandler, Arizona 85286-6724;

3. Providing that service shall be deemed complete upon Plaintiff's transmission of the Summons and First Amended Class Action Complaint by email and deposit of those documents in the United States mail as authorized by the Court; and
4. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 2, 2026

RESPECTFULLY SUBMITTED AND DATED this 4th day of September, 2026.

*/s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*/s/ Sharon K. Campbell*
Sharon K. Campbell State Bar # 03717600
6220 Campbell Rd, Suite 300
Dallas, Texas 75248
Telephone: 214-351-3260
Sharon@SharonKCampbell.com

*Attorneys for Plaintiff*