Gmail Anthony Paronich <anthony@paronichlaw.com>

# Re: Subpoena to Produce Documents - Wilson, et al. v. Wash Masters, L.P., Case No. 4:26-cv-00217-O (N.D. Tex.)

1 message

**Anthony Paronich** <anthony@paronichlaw.com> Tue, Aug 11, 2026 at 6:21 PM
To: Levi McClendon <levi@optspot.com>
Cc: TCPA@straussborrelli.com
Bcc: Anthony Paronich <anthony@paronichlaw.com>

Mr. McClendon:

I hope you are well.

As you may be aware, we recently filed a First Amended Complaint in *Wilson v. Wash Masters, L.P., et al.,* Case No. 4:26-cv-00217-O (N.D. Tex.), adding OptSpot, LLC as a defendant.

In an effort to avoid the unnecessary time and expense associated with formal service, attached is a Waiver of the Service of Summons for OptSpot, LLC. I have also attached a copy of the First Amended Complaint and the summons issued by the Court.

Please have the waiver signed and returned to me at your earliest convenience.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Mon, Jun 1, 2026 at 12:06 PM Levi McClendon <levi@optspot.com> wrote:

> June 1, 2026
>
> Anthony Paronich, Esq.
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> anthony@paronichlaw.com
>
> Re: Response to June 4 Demand - Subpoena to Produce Documents
> Wilson, et al. v. Wash Masters, L.P.
> Case No. 4:26-cv-00217-O (N.D. Tex.)
>
> Dear Mr. Paronich,
>
> Thank you for your May 29, 2026 letter. We want to address your characterization of our prior correspondence before responding to your demands.
>
> On the alleged "acknowledgment":

Our May 29 response did not acknowledge that OptSpot possesses records of communications from other clients to Mr. Wilson's number. We explained, conditionally, how our opt-in system works: if Mr. Wilson received messages from other businesses on our platform, it would be because he separately chose to opt into each of those programs. That is a description of how the system functions. It is not an admission that any such records exist or that they are in our possession and within the scope of your subpoena.

Our position remains unchanged:

OptSpot has produced all records of communications transmitted to (469) 836-0892 on behalf of Wash Masters. That production is complete and fully responsive to the subpoena as it relates to the defendant in this action.

We are a non-party technology vendor. The subpoena was issued in a case against Wash Masters, L.P. Federal Rule of Civil Procedure 45(d)(1) requires that subpoenas not subject non-parties to undue burden. Requiring OptSpot to identify the business identities of other clients who are not parties to this litigation, have not been given notice of this demand, and whose relationship with Mr. Wilson (if any) is entirely independent of the claims against Wash Masters imposes exactly that burden. It also requires us to breach our contractual and common-law confidentiality obligations to those clients without affording them an opportunity to seek their own protection.

On the relevance theory:

We understand the theory that identifying other messaging parties could reveal agency relationships or additional responsible parties. However, the appropriate vehicle for that discovery is directed at the parties to this litigation, not through an expanding non-party subpoena to a technology vendor. OptSpot is not in a position to make relevance determinations on behalf of parties it does not represent, and our confidentiality obligations do not yield simply because plaintiffs believe the information might be relevant.

A path forward:

If Plaintiffs believe a court order is warranted, we will not stand in the way of that process. Should the Court order production, OptSpot will comply, under an appropriate protective order that limits the use of client-identifying information to this litigation only, and after providing notice to potentially affected clients so they may seek their own protection if they choose.

We remain cooperative with respect to the Wash Masters records we have already produced and any follow-up questions related to those records.

Sincerely,

Levi McClendon
Chief Executive Officer
OptSpot
(602) 920-0094
levi@optspot.com
www.Optspot.com

---

**3 attachments**

**Wash Masters - Waiver of Service as to OptSpot, LLC.pdf**
276K

**2026-07-24 - Doc 18 - Pl 1AC.pdf**
844K

**2026-07-24 - Doc 21 - Summons Issued as to Aradi Properties, LLC, OptSpot, LLC.pdf**
309K