**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:26-cv-00217-O |
| v. | § | |
| | § | |
| WASH MASTERS, L.P., ARADI | § | |
| | § | |
| PROPERTIES, LLC, OPTSPOT, LLC | § | |
| Defendants. | | |

**DEFENDANT ARADI PROPERTIES, LLC'S AGREED MOTION TO CONTINUE TRIAL SETTING AND MODIFY SCHEDULING ORDER**

Defendant Aradi Properties, LLC ("Aradi"), with the agreement of Plaintiff Joshua Wilson ("Plaintiff") and Defendant Wash Masters, L.P. ("Wash Masters"), respectfully moves under Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 40.1 for a 180-day continuance of the trial setting and all unexpired deadlines in the Scheduling Order (ECF No. 13). In support, Aradi states as follows:

## I. BACKGROUND

1. Plaintiff filed this action against Wash Masters alone on February 25, 2026. ECF No. 1. Plaintiff and Wash Masters filed their joint Rule 26(f) report on April 9, 2026, ECF No. 12, and the Court entered the Scheduling Order the next day. ECF No. 13.

2. On July 22, 2026, Plaintiff filed his First Amended Class Action Complaint, which named Aradi and OptSpot, LLC ("OptSpot") as defendants for the first time. ECF No. 18. Plaintiff filed a return of service as to Aradi on August 5, 2026. ECF No. 22. Aradi moved to dismiss on August 21, 2026, and that motion remains pending. ECF No. 25. OptSpot has not appeared.

3. The Scheduling Order, ECF No. 13, set the following deadlines, among others:

- Mediation: November 30, 2026;
- Completion of Discovery: December 28, 2026;
- Dispositive Motions: January 25, 2027; and
- Trial: May 24, 2027.

## II. LAW AND ARGUMENT

4. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires the movant "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (internal quotation marks and citation omitted). In making that determination, the Court weighs four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original) (internal quotation marks and citation omitted).

5. Each of those factors supports the finding of good cause here.

6. The need for the requested relief is not of Aradi's making. The Scheduling Order was entered on a report prepared by Plaintiff and Wash Masters more than three months before Aradi was named as a defendant, and Aradi had no opportunity to be heard on it. *See* ECF Nos. 12, 13, 18. As a result, discovery closes roughly five months after Aradi was joined, while Aradi's Motion to Dismiss, which raises threshold legal issues that, if resolved in Aradi's favor, would eliminate or significantly narrow Plaintiff's claims against Aradi, remains pending. Aradi has sought relief promptly after appearing and before the first affected deadline.

7. The modification is important, as a continuance will allow the newly joined defendants to participate meaningfully in discovery, expert designations, and mediation, and will allow the claims against all defendants to proceed on a single, orderly schedule. *See Peykoff v. Cawley*, No. 4:23-cv-404, 2023 WL 8580340, at *2 (N.D. Tex. Nov. 13, 2023) (O'Connor, J.) (recognizing the importance of resolving all claims arising from the same events in a single case).

8. The requested extension is further warranted because OptSpot, the entity Plaintiff alleges directly sent the challenged messages, has not appeared. *See* ECF Nos. 18, 25. Because Plaintiff's vicarious liability theory against Aradi turns on agency principles, discovery concerning OptSpot's role, its records, communications, contracts, and relationship with the appearing defendants is central to liability, defenses, class-certification issues, and expert analysis. Yet the current schedule requires the parties to proceed with expert and fact discovery before the alleged direct actor has even appeared in the case. Proceeding under the existing schedule, entered before Aradi was joined and before OptSpot appeared, risks requiring the parties to conduct expert discovery and dispositive-motion practice without the participation of a defendant central to Plaintiff's allegations and the full opportunity for discovery into the claims asserted in this lawsuit. Extending the remaining deadlines will permit the case to proceed on a more complete factual record without prejudice to any party.

9. No party will be prejudiced by the continuance. Plaintiff and Wash Masters agree to the requested relief, discovery remains open, and trial is presently set to commence in eight months. *See Peykoff*, 2023 WL 8580340, at *2 (finding any prejudice from permitting late-filed counterclaims cured by extending the discovery deadline where trial was six months away) (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010)). And because Aradi asks that each unexpired deadline move by the same interval, the requested continuance preserves the

sequence and spacing of the deadlines the Court set.

10. This motion is not made for purposes of delay. Consistent with paragraph 12 of the Scheduling Order, the Court's Civil Justice Expense and Delay Reduction Plan ¶ V, and Local Civil Rule 40.1, it is made in writing, before the deadline for completion of discovery, and is signed by Aradi as well as its counsel.

## III. RESERVATION OF RIGHTS

11. Aradi files this motion subject to, and without waiving, each defense and objection raised in its Motion to Dismiss (ECF No. 25), including insufficient service of process under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(h)(1).

## IV. RELIEF REQUESTED

12. Aradi respectfully requests that the Court continue the trial setting and extend each unexpired deadline in the Scheduling Order by one hundred eighty (180) days, as follows:

| **Event (Scheduling Order ¶)** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Responsive Expert Designation & Report (¶ 4.b) | October 29, 2026 | April 27, 2027 |
| Mediation (¶ 5) | November 30, 2026 | June 1, 2027 |
| Completion of Discovery (¶ 6) | December 28, 2026 | June 28, 2027 |
| Dispositive Motions (¶ 3) | January 25, 2027 | July 26, 2027 |
| Pretrial Disclosures (¶ 7) | April 14, 2027 | October 11, 2027 |
| Expert Objections (¶ 4.d) | April 19, 2027 | October 18, 2027 |
| Pretrial Materials (¶ 8) | April 29, 2027 | October 26, 2027 |
| Exchange of Exhibits (¶ 9) | May 10, 2027 | November 8, 2027 |
| Settlement Conference (¶ 10) | May 10, 2027 | November 8, 2027 |
| Trial (¶ 1) | May 24, 2027 | November 22, 2027 |

13. Aradi further requests that the Court set a new deadline for Aradi to seek leave to

amend its pleadings, join additional parties, or assert third-party claims,[1] and that such deadline be set 30 days after Aradi files its answer. Good cause exists under Rule 16(b)(4) because the deadline for motions for leave to join parties and amend pleadings expired before Aradi was added as a defendant and before Aradi had any opportunity to participate in the case. Aradi's Motion to Dismiss remains pending, and Aradi has not yet answered or asserted its affirmative defenses. Aradi raises this issue at its first opportunity to modify the schedule. The requested deadline is narrowly tailored to Aradi, is agreed by the appearing parties, and, in light of the requested continuance of the remaining case deadlines, will not prejudice any party or delay the resolution of this matter.

14. Pursuant to Local Civil Rule 7.1(c) and paragraph 14 of the Scheduling Order, an agreed proposed order, signed by counsel for Aradi, Plaintiff, and Wash Masters, is submitted to the Court with this motion.

**WHEREFORE**, Aradi respectfully requests that the Court grant this motion; continue the trial setting and all unexpired deadlines in the Scheduling Order by one hundred eighty (180) days; set a new deadline applicable only to Aradi of 30 days after Aradi files its answer to seek leave to amend pleadings, join additional parties, or assert third-party claims; enter an amended scheduling order; and grant Aradi such other relief to which it may be justly entitled.

[1] That deadline expired on August 10, 2026, *see* ECF No. 15, before Aradi appeared, and will not be revived absent an order of the Court. *See* N.D. Tex. Civ. R. 40.1.

Dated: September 29, 2026

Respectfully submitted,

*By: /s/ Cathy L. Altman*

**Cathy L. Altman**
Texas Bar No. 00794946
Email: caltman@ccsb.com
**Kathryne (Kate) M. Morris**
Texas Bar No. 24061280
Email: kmorris@ccsb.com
**D. Lance Currie**
Texas Bar No. 24065106
Email: lcurrie@ccsb.com
**Alexander M. Breaux**
Texas Bar No. 24150777
Email: abreaux@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
2200 Ross Ave., Suite 1800
Dallas, Texas 75201
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

*Attorneys for Aradi Properties, LLC*

**MOVING PARTY SIGNATURE (N.D. Tex. Civ. R. 40.1)**

ARADI PROPERTIES, LLC

By: DocuSigned by: Mohamed Sharaf
A5CDF91E2372417...
Mohamed Sharaf, Manager
Date: September 29, 2026

**AGREED:**

W Andrew Boone
Brian C. Newby
State Bar No. 14947320
bnewby@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
W. Andrew Boone
State Bar No. 24137937
aboone@canteyhanger.com
CANTEY HANGER, LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-877-2807

**ATTORNEYS FOR DEFENDANT WASH MASTERS, L.P.**

*<u>/s/ Anthony Paronich</u>*
(signed with permission)

Samuel J. Strauss
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Sharon K. Campbell
6220 Campbell Rd, Suite 300
Dallas, Texas 75248
Telephone: (214) 351-3260
sharon@dallasconsumerattorney.com

*Attorneys for Plaintiff Joshua Wilson*

**CERTIFICATE OF CONFERENCE**

On September 23, 2026, I conferred with Anthony I. Paronich, counsel for Plaintiff, and W. Andrew Boone, counsel for Wash Masters, regarding the relief requested in this motion. On September 24, 2026, each advised that his client agrees to the relief requested. OptSpot has not appeared and has no counsel of record, so a conference with OptSpot was not possible. This motion is therefore agreed and unopposed.

*By: /s/ Kathryne (Kate) M. Morris*
Kathryne (Kate) M. Morris

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on September 30, 2026, which will send notification of such filing to all counsel of record in the above-captioned matter, in accordance with the Federal Rules of Civil Procedure.

*By: /s/ Cathy L. Altman*
Cathy L. Altman