UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | No. 4:26-cv-00217-O |
| v. | § | |
| WASH MASTERS, L.P., ARADI PROPERTIES, LLC, OPTSPOT, LLC | § | |
| Defendants. | | |

**DEFENDANT ARADI PROPERTIES, LLC'S UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND MODIFY SCHEDULING ORDER OR, IN THE ALTERNATIVE, FOR LIMITED EXTENSION OF EXPERT DEADLINES**

Defendant Aradi Properties, LLC ("Aradi") acknowledges the Court's Order, dated September 30, 2026, denying the earlier agreed motion for a 180-day continuance. ECF No. 34. This motion seeks narrower relief and rests, in part, on discovery served after that Order issued.

Newly-added Defendant Aradi respectfully moves under Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 40.1 for a 90-day continuance of the trial setting and all unexpired deadlines in the Court's Scheduling Order (ECF No. 13) to allow time for addition of a number of necessary parties to this case, as well as potential crossclaims and counterclaims, which Aradi, as a party added almost five months after the original filing date, has not yet had an opportunity to assert.

In the alternative, Aradi requests a limited 30-day extension of its expert designation, report, and rebuttal deadlines under paragraph 4 of the Scheduling Order, leaving the trial setting and all other deadlines unchanged.[1] Under either form of relief, Aradi also asks the Court to set a deadline

[1] If additional parties are added, additional time for mediation, discovery, and the further development of this case will be needed.

for Aradi to seek leave to amend its pleadings, join additional parties, or assert third-party claims.

## I. INTRODUCTION

For nearly five months, this case proceeded without Aradi. Plaintiff did not name Aradi as a party until July 22, 2026, which was more than three months after the Court entered its Scheduling Order. Since being added, Aradi has acted diligently despite not being properly served, and its Motion to Dismiss remains pending. ECF No. 25. It has not yet answered, received responses to its discovery requests, sought joinder of other necessary parties, or asserted any crossclaims or third-party claims that likely exist.

On October 1, 2026, Wash Masters, L.P. ("Wash Masters") served supplemental discovery responses that raise a threshold fact issue concerning the parties at issue and Aradi's status as a proper defendant. Those discovery responses specifically identify additional entities that may be necessary parties to this case in order to fully adjudicate Plaintiff's claims and to allocate liability among the allegedly responsible parties.

On October 2, 2026, Aradi accordingly served targeted discovery on that question, but Plaintiff's responses are not due until November 2, 2026, after Aradi's current expert deadlines.

Good cause therefore exists to modify the Scheduling Order. The deadlines Aradi seeks to adjust were set before Aradi was a party, and Aradi did not create the compressed schedule it now faces. Aradi moved promptly to dismiss the case, continue it, and seek discovery, and now moves promptly again in the wake of the October 1 supplemental discovery responses. The requested relief will allow Aradi to evaluate the newly surfaced parties and related claims and issues before committing to expense and expert work.

## II. BACKGROUND

1. Plaintiff filed this action against Wash Masters alone on February 25, 2026. ECF No. 1. Plaintiff and Wash Masters filed their Joint Status Report on April 9, 2026, and the Court entered the Scheduling Order the next day. ECF Nos. 12, 13. Aradi was not yet a party. It did not participate in the Rule 26(f) conference and had no opportunity to be heard on the deadlines the Court adopted.

2. Plaintiff first named Aradi as a defendant in his First Amended Class Action Complaint (the "Complaint"), filed on July 22, 2026, more than three months after the Scheduling Order issued. ECF No. 18. The Complaint alleges that Wash Masters identified Aradi in discovery as "the franchisee associated with the Grand Prairie Wash Masters location." *Id.* ¶ 46; ECF No. 30 at 7.[2] The Complaint also added OptSpot, LLC ("OptSpot"), which has not appeared. ECF No. 18.

3. Plaintiff filed a purported (but flawed) proof of service as to Aradi on August 5, 2026. ECF No. 22. Aradi timely moved to dismiss on August 21, 2026 (the "Motion to Dismiss"), and briefing closed on September 25, 2026. ECF Nos. 25, 30, 32. On September 30, 2026, Aradi moved for a 180-day continuance of the trial setting and all unexpired deadlines. ECF No. 33. The Court denied that motion the same day, concluding Aradi had not shown sufficient good cause for "such a lengthy extension," while noting "the parties may move for a limited extension of certain pretrial deadlines" if the timing of the case so requires. ECF No. 34.

4. On October 1, 2026, the day after the Court's Order, Wash Masters served a second supplemental response to Plaintiff's first set of discovery (the "Supplemental Response") and second amended Rule 26(a)(1) disclosures (the "Amended Disclosures"). Exs. A, B. The Supplemental Response states, for the first time, that "[t]here are two Wash Masters locations in Grand Prairie"

---

2 Wash Masters had previously identified Aradi as the franchisee that owns "the Wash Masters-branded franchise located in Grand Prairie, Texas." ECF No. 23 ¶ 5.

owned by different franchisees. Ex. A at 3. According to Wash Masters, Aradi is the franchisee and owner of the location at 5702 S. Highway 360, with Magsal Lynn Creek, Inc. ("MLC") as its tenant-operator; and Victron Stores, L.P. ("Victron") is the franchisee and owner of the location at 3047 E. Mayfield Road, with Rameena Washmaster, LLC ("Rameena") as its tenant-operator. *Id.*

5. Wash Masters further states that it is "unclear from the Plaintiff's pleadings and discovery responses which location Plaintiff visited and for which location Plaintiff subscribed to text messages." *Id.* Indeed, neither the Complaint nor Plaintiff's interrogatory responses to Wash Masters identify a Grand Prairie location by street address. *See* ECF No. 18 ¶¶ 5, 46, 63–65; Ex. C, Resp. to Interrog. No. 15.

6. The Supplemental Response also reports that MLC's principal advised that "the location referenced in the Text Messages and in communications from Plaintiff's counsel may have been a separate location under different ownership and management from the location [MLC] operates." Ex. A at 4–5. The Amended Disclosures list Victron, Rameena, MLC, and Aradi as entities that "may have contracted with OptSpot to convey text messages to Plaintiff." Ex. B at 4. Of those entities, only Aradi is a defendant. Wash Masters' discovery responses also refer to Nautilus, whose potential involvement in sending the text messages Wash Masters has investigated. Ex. A at 4–5. Nautilus is likewise not a party.

7. Aradi acted promptly once Wash Masters served its Supplemental Response and Amended Disclosures, which raise a question as to whether Aradi is a proper defendant at all. On October 1, 2026, Aradi contacted Plaintiff's counsel to ask which Grand Prairie location is at issue and to request a stipulation of dismissal, without success. Aradi was therefore forced to serve discovery to obtain a definitive answer as to whether Plaintiff ever visited the Grand Prairie location owned by Aradi.

8. On October 2, 2026, Aradi served its First Set of Consolidated Discovery Requests ("Aradi's Requests") asking Plaintiff to identify by street address the Wash Masters location referenced in the Complaint and to admit or deny that it is at particular addresses. Ex. D, Interrog. No. 1; Reqs. for Admis. Nos. 1–2.

9. Plaintiff's responses to Aradi's Requests are due November 2, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C), 33(b)(2), 34(b)(2)(A), 36(a)(3). That date follows Aradi's current expert deadlines. ECF No. 13. Mediation must occur by November 30, 2026, discovery closes December 28, 2026, dispositive motions are due January 25, 2027, and trial is set for May 24, 2027. *Id.*

10. Absent the requested relief, Aradi must decide whether to retain and designate experts before it knows whether Plaintiff's claims concern a location Aradi owns or whether additional parties or claims should be brought into the case.

## III. LAW AND ARGUMENT

11. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires the movant "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (internal quotation marks and citation omitted). In making that determination, the Court weighs four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original) (internal quotation marks and citation omitted).

12. Aradi submits that each factor supports good cause to modify the Scheduling Order.

### A. Aradi has been diligent, and the current expert deadlines cannot reasonably be met.

13. Aradi has acted promptly at every step since Plaintiff added it. Plaintiff contends

Aradi was served on July 31, 2026. ECF No. 22. Aradi disputes that service and has reserved its Rule 12(b)(5) objection,[3] but it timely moved to dismiss on August 21, 2026. ECF No. 25. On September 30, 2026, before any affected deadline expired, Aradi sought relief from the current schedule. ECF No. 33. The following day, Wash Masters served the discovery responses that underlie this motion. Aradi acted that same day, asking Plaintiff's counsel which location is at issue and requesting a stipulation of dismissal, and it served discovery directed to that question the next day. *See* Ex. D. At no point has Aradi allowed any deadline to lapse or delayed in seeking relief.

14. Wash Masters' Supplemental Response and Amended Disclosures present a concrete, newly surfaced question regarding which Grand Prairie location is at issue and which entity owns and operates it. Until then, Wash Masters had referred to a single Grand Prairie location owned by Aradi. Ex. A at 3; ECF No. 23 ¶¶ 5, 46. The Complaint likewise proceeds on the premise that there is a single Grand Prairie location and that Aradi is its franchisee. *See* ECF No. 18 ¶¶ 51, 63, 65, 95 (referring, singularly, to "the Grand Prairie Wash Masters location").

15. The Supplemental Response therefore leaves unresolved which location is at issue and which entity owns and operates it. Ex. A at 3–5.

16. This threshold fact question is why the current expert deadlines cannot reasonably be met. Plaintiff's responses to Aradi's Requests are due November 2, 2026, *after* Aradi's expert deadlines, *see* ECF No. 13, so Aradi must make its expert decisions before it knows whether the claims against it concern a location it owns. Retaining experts on these open questions risks substantial expense that Plaintiff's response may make unnecessary.

17. Aradi has done what it reasonably can. It sought clarification and a stipulation of

---

[3] *See* Motion to Dismiss, ECF No. 25 at 6–7; Aradi's Reply in Supp. of Motion to Dismiss, ECF No. 32 at 9–10.

dismissal on October 1 and served discovery on October 2. Without agreement or a court order, it cannot shorten Plaintiff's time to respond.

**B. The requested modification is important.**

18. The modification is important because it protects Aradi's ability to defend itself without requiring expense that may prove unnecessary if Aradi was added as a defendant based on mistaken facts. The Scheduling Order requires Aradi's responsive designation and report by October 29, 2026, and all discovery, including expert discovery, to be completed by December 28, 2026. ECF No. 13. And a party that does not timely designate its experts risks exclusion of their testimony. *See* Fed. R. Civ. P. 37(c)(1). Aradi therefore cannot defer its decision whether to retain experts, but it cannot reasonably make that decision until Plaintiff identifies the location he contends is at issue. The requested modification resolves that issue.

19. Plaintiff's responses will also inform whether other entities should be before the Court and whether Aradi has claims against them. The Supplemental Response and Amended Disclosures identify Victron, Rameena, and MLC, along with Nautilus, as entities connected to the Grand Prairie locations or the text messages, and none is a party. Ex. A at 3–5; Ex. B at 4. If the responses show that Plaintiff's claims concern the Wash Masters location unaffiliated with Aradi, the parties may resolve Aradi's participation by stipulation. If they instead point to Aradi's location, Aradi can evaluate whether to seek joinder or assert crossclaims or third-party claims and what expert testimony those claims would require. Aradi cannot make those determinations now. It has not answered because its Motion to Dismiss is pending, *see* Fed. R. Civ. P. 12(a)(4), and the September 25, 2026 deadline for designations by parties bearing the burden of proof passed before Aradi could evaluate any claim of its own. ECF No. 13.

20. The requested modification is also warranted because OptSpot, the entity Plaintiff

alleges directly sent the challenged messages, has not appeared. *See* ECF No. 18. Because Plaintiff's vicarious liability theory against Aradi turns on agency principles, discovery concerning OptSpot's role, its records, communications, contracts, and relationship with the appearing defendants is central to liability, defenses, class-certification issues, and expert analysis. Yet the current schedule requires the parties to proceed with expert and fact discovery before the alleged direct actor has even appeared. Proceeding under a schedule entered before Aradi was joined and before OptSpot appears risks requiring the parties to conduct expert discovery and dispositive-motion practice without at least one defendant central to Plaintiff's allegations (though there also may be other defendants) and without full discovery into the claims asserted. Adjusting the schedule will permit the case to proceed with all necessary parties on a complete factual record without prejudice to present parties to the case.

21. Absent relief, Aradi, a late-added party, would effectively be left to stand in for absentee necessary parties. It would have to defend against allegations about conduct it may not have controlled, without the discovery from those parties that it needs to show who is actually responsible, and it would face the risk of an allocation of fault out of proportion to any role it played. The parties named at the outset had nearly five months to develop their positions before Aradi was named. Applying those deadlines to Aradi before these threshold questions are resolved would place on Aradi a share of the litigation burden that is neither fair nor warranted at this stage.

22. Consistent with the Court's observation that the parties may seek a limited extension of certain pretrial deadlines if the timing of the case requires it, *see* ECF No. 34, Aradi's alternative request is the narrowest relief that addresses these concerns. Extending Aradi's expert deadlines by thirty (30) days would give Aradi three to four weeks after Plaintiff's responses are due to evaluate them before committing to expert expense. It would affect one party's deadlines and leave the trial

setting and every other deadline in place.

23. A 90-day continuance of all deadlines is also important if the Court is inclined to grant broader relief. Plaintiff's responses will arrive four weeks before the mediation deadline and eight weeks before discovery closes. ECF No. 13. Follow-up discovery on the location and the other entities, mediation, expert discovery, and dispositive-motion preparation would all have to proceed at once. A 90-day continuance would preserve the sequence of the Scheduling Order's deadlines and allow that work to proceed in order. Aradi recognizes the Court's general practice regarding trial settings. If the Court declines to move the trial setting, Aradi requests the alternative relief.

**C. No party will be prejudiced.**

24. Neither form of relief will prejudice Plaintiff or Wash Masters. The alternative request affects only Aradi's expert deadlines. It leaves the trial setting, the December 28, 2026 discovery deadline, and every other deadline in place, and it would still allow at least four weeks between Aradi's extended responsive designation and the close of discovery. ECF No. 13.

25. Plaintiff and Wash Masters agree to the requested relief, discovery remains open, and trial is presently set to commence in less than eight months. *See Peykoff v. Cawley*, No. 4:23-cv-404, 2023 WL 8580340, at *2 (N.D. Tex. Nov. 13, 2023) (O'Connor, J.) (finding any prejudice from permitting late-filed counterclaims cured by extending the discovery deadline where trial was six months away) (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010)). And because Aradi asks that each unexpired deadline move by the same interval, the requested continuance preserves the sequence and spacing of the deadlines the Court set.

26. Further, if the absent parties are not joined and the deadlines are not adjusted, Aradi may face inconsistent obligations or piecemeal litigation over the same events and may have to make expert and dispositive-motion decisions on an incomplete record. Adjusting the schedule now would

allow necessary parties to participate in discovery without prejudicing Plaintiff or any other party and would serve judicial economy by facilitating resolution of all claims arising from the same events in a single proceeding. *See Peykoff*, 2023 WL 8580340, at *2 (recognizing the importance of resolving all claims arising from the same events in a single case).

27. This motion is not made for purposes of delay. Consistent with paragraph 12 of the Scheduling Order, the Court's Civil Justice Expense and Delay Reduction Plan ¶ V, and Local Civil Rule 40.1, it is made in writing, before the deadline for completion of discovery, and is signed by Aradi as well as its counsel.

## IV. RESERVATION OF RIGHTS

28. Aradi files this motion subject to, and without waiving, each defense and objection raised in its Motion to Dismiss (ECF No. 25), including insufficient service of process under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(h)(1).

## V. RELIEF REQUESTED

29. Aradi respectfully requests that the Court continue the trial setting and extend each unexpired deadline in the Scheduling Order by ninety (90) days, as follows:

| **Event (Scheduling Order ¶)** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Responsive Expert Designation & Report (¶ 4.b) | October 29, 2026 | January 27, 2027 |
| Mediation (¶ 5) | November 30, 2026 | March 1, 2027 |
| Completion of Discovery (¶ 6) | December 28, 2026 | March 29, 2027 |
| Dispositive Motions (¶ 3) | January 25, 2027 | April 26, 2027 |
| Pretrial Disclosures (¶ 7) | April 14, 2027 | July 13, 2027 |
| Expert Objections (¶ 4.d) | April 19, 2027 | July 19, 2027 |
| Pretrial Materials (¶ 8) | April 29, 2027 | July 28, 2027 |
| Exchange of Exhibits (¶ 9) | May 10, 2027 | August 9, 2027 |
| Settlement Conference (¶ 10) | May 10, 2027 | August 9, 2027 |
| Trial (¶ 1) | May 24, 2027 | August 23, 2027 |

30. In the alternative, Aradi requests that the Court extend Aradi's expert designation, report, and rebuttal deadlines by thirty (30) days, leaving the trial setting and all other deadlines unchanged. Aradi expressly reserves the right to raise further requests to continue deadlines in the event Plaintiff's discovery responses demonstrate the necessity to add additional parties.

31. Under either form of relief, Aradi further requests that the Court set a deadline, applicable only to Aradi, to seek leave to amend its pleadings, join additional parties, or assert third-party claims, and that the deadline be set thirty (30) days after Aradi files its answer. Good cause exists under Rule 16(b)(4). The deadline for such motions expired less than three weeks after Plaintiff named Aradi and before Aradi had appeared in the case.[4] Aradi's Motion to Dismiss remains pending, and Aradi has not yet answered or asserted its affirmative defenses. Aradi included this request in its earlier motion, ECF No. 33, and renews it because Wash Masters' Supplemental Response and Amended Disclosures raise the prospect that additional parties and claims are involved. The requested deadline is narrowly tailored to Aradi, is unopposed by the appearing parties, and will not prejudice any party or delay the resolution of this matter.

32. Pursuant to Local Civil Rule 7.1(c) and paragraph 14 of the Scheduling Order, a proposed order is submitted to the Court with this motion.

**WHEREFORE**, Aradi respectfully requests that the Court grant this motion; continue the trial setting and all unexpired deadlines in the Scheduling Order by ninety (90) days or, in the alternative, extend only Aradi's expert designation, report, and rebuttal deadlines by thirty (30) days; set a new deadline applicable only to Aradi of thirty (30) days after Aradi files its answer to seek leave to amend pleadings, join additional parties, or assert third-party claims; enter an amended

---

4 That deadline expired on August 10, 2026, *see* ECF No. 15, before Aradi appeared, and will not be revived absent an order of the Court. *See* N.D. Tex. Civ. R. 40.1.

Docusign Envelope ID: 4B954E5C-BBAC-8006-82B3-E5FA383EDCE6



scheduling order; and grant Aradi such other relief to which it may be justly entitled.

Dated: October 5, 2026

Respectfully submitted,

*By: /s/ Cathy L. Altman*

**Cathy L. Altman**
Texas Bar No. 00794946
Email: caltman@ccsb.com
**Kathryne (Kate) M. Morris**
Texas Bar No. 24061280
Email: kmorris@ccsb.com
**D. Lance Currie**
Texas Bar No. 24065106
Email: lcurrie@ccsb.com
**Alexander M. Breaux**
Texas Bar No. 24150777
Email: abreaux@ccsb.com
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
2200 Ross Ave., Suite 1800
Dallas, Texas 75201
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

*Attorneys for Aradi Properties, LLC*

**MOVING PARTY SIGNATURE (N.D. Tex. Civ. R. 40.1)**

ARADI PROPERTIES, LLC

By: DocuSigned by: Mohamed Sharaf
A5CDF91E2372417...
Mohamed Sharaf, Manager
Date: October 5, 2026

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(a) and (b), I certify that on October 5, 2026, I conferred by email with Anthony I. Paronich, counsel for Plaintiff, and W. Andrew Boone, counsel for Wash Masters, L.P., regarding the relief requested in this motion. Each advised that his client is unopposed to the relief requested. Defendant OptSpot, LLC has not appeared and has no counsel of record, so a conference with OptSpot was not possible. This motion is therefore unopposed by every party that has appeared.

*By: /s/ Alexander M. Breaux*
Alexander M. Breaux

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on October 6, 2026, which will send notification of such filing to all counsel of record in the above-captioned matter, in accordance with the Federal Rules of Civil Procedure.

*By: /s/ Cathy L. Altman*
Cathy L. Altman