EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AT FORT WORTH**

| | |
|---|---|
| JOSHUA WILSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASH MASTERS, L.P.,<br><br>Defendant. | No. 4:26-cv-00217-O<br><br>Hon. Chief District Judge Reed O'Connor |

**PLAINTIFF JOSHUA WILSON'S OBJECTIONS AND RESPONSES**
**<u>TO DEFENDANT WASH MASTERS, L.P.'S FIRST SET OF INTERROGATORIES</u>**

Defendant Wash Masters, L.P. ("Wash Masters" or "Defendant"), pursuant to Fed. R. Civ. P. 26 and 33, hereby submits its First Set of Interrogatories to Plaintiff Joshua Wilson ("Plaintiff" or "Wilson").

Each of the following interrogatories shall be deemed continuing, so as to require supplementation from the date of the interrogatories through the time of the trial. Should newly discovered information come to Plaintiff's and/or its counsel's attention regarding any interrogatory, Plaintiff shall supplement its answer in accordance with the Federal Rules of Civil Procedure and any applicable case-specific scheduling order.

**<u>PRELIMINARY STATEMENT</u>**

The following objections and answers are supported by those facts, documents, and information presently and specifically known by, and readily available to, Plaintiff. Plaintiff reserves the right to change, amend, and/or supplement the information set forth below in the event it becomes necessary or appropriate to do so. The objections and answers below are made for the



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

sole purpose of this action and are subject to all objections as to competence, authenticity, relevance, materiality, necessity, privilege, and admissibility, among others. Any and all applicable objections are expressly reserved and may be interposed at the time of the trial or a hearing in this matter.

The assertion of any objection to any interrogatory, whether a general or specific objection, is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's right to assert that or any other objection at a later date. Nothing in Plaintiff's objections and responses shall be construed as a waiver of any defense. No implied admissions are intended by the objections and answers below. The fact that Plaintiff has objected or responded to all, or part of any interrogatory shall not be construed or taken as an admission that Plaintiff accepts or admits the existence of any alleged fact(s) set forth or assumed by the interrogatory, or that Plaintiff has waived or intended to waive any objection to such interrogatory.

These responses are made solely for the purpose of this action. The objections and answers below are based upon information presently available to Plaintiff and are made without prejudice to Plaintiff's right to answer or rely upon subsequently discovered information, as Plaintiff's investigation in this matter is ongoing.

**DEFENDANT'S INSTRUCTIONS AND DEFINITIONS**

The following definitions shall apply to these Interrogatories:

1. The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his or its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

2. The term "Complaint" refers to Plaintiff's Original Complaint filed in this action.

3. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

4. The terms "you" and "your" mean Plaintiff Joshua Wilson and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

5. The term "Wash Masters" shall refer to Defendant Wash Masters, LP unless otherwise specified.

6. The term "Wash Masters-branded," with respect to an establishment, business, service, or location, means (1) operating under a name or brand with the term "Wash Masters" or (2) using the term "Wash Masters" as a term of identification.

7. The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

a. Document. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, summaries, etc.

b. Electronically stored information. The term "electronically stored information" ("ESI") means electronic information that is stored in a medium from which



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

i. "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and computer-activity logs. *The term includes metadata*.

ii. "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage, including cloud-based storage systems.

iii. "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), and other physical hardware.

c. Tangible thing. The term "tangible thing" means a physical object that is not a document or electronically stored information.

8. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9. The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

10. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

12. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The relevant time period for these Interrogatories begins four years prior to the commencement of this action and lasting through the present, to continue until trial. These Interrogatories are continuing in nature until the time of trial, but in no event less than thirty (30) days prior to the beginning of trial.

Pursuant to Rule 26(b)(5)(A), if Plaintiff has withheld any information otherwise responsive to these Interrogatories, then, within fifteen (15) days after service upon Defendant's counsel, please file a response that:

1) describes the information withheld, without revealing the privileged information itself or otherwise waiving the privilege, which enables other parties to assess the applicability of the privilege; and

2) asserts a specific privilege for each piece of information withheld.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendant's interrogatories to the extent they seek to impose any obligations on Plaintiff beyond those required by the Federal Rules of Civil Procedure.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

2. Plaintiff objects to Defendant's interrogatories to the extent they seek to impose any obligations on Plaintiff beyond those required by the Local Rules for the United States District Court for the Northern District of Texas, Fort Worth Division.

3. Plaintiff objects to any interrogatory that seeks information that is not in Plaintiff's knowledge, possession, and/or control.

4. Plaintiff objects to any interrogatory that seeks information that is publicly available and readily securable by Defendant.

5. Plaintiff objects to any interrogatory that seeks information that is unreasonably cumulative or duplicative.

6. Plaintiff objects to any interrogatory that seeks information that Defendant may secure from another source in a manner that is more convenient, less burdensome, and/or less expensive than requesting the information from Plaintiff.

7. Plaintiff objects to any interrogatory that seeks information that is not relevant to the claims and/or defenses asserted by any party.

8. Plaintiff objects to any interrogatory that seeks information that is not proportional to the needs of this case and/or where the burden or expense of the requested discovery outweighs its likely benefit.

9. Plaintiff objects to any interrogatory that is overly broad and that imposes an unreasonable burden on Plaintiff to respond.

10. Plaintiff objects to any interrogatory that is vague and/or ambiguous.

11. Plaintiff objects to any interrogatory that is harassing, oppressive, or otherwise requires an unreasonable investigation by Plaintiff.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

12. Plaintiff objects to any interrogatory that assumes disputes, facts, or legal conclusions.

13. Plaintiff objects to any interrogatory that does not state with reasonable specificity the information that Defendant seeks.

14. Plaintiff objects to any interrogatory that seeks information from before January 1, 2022.

15. Plaintiff objects to any interrogatory that seeks confidential and/or proprietary information, the disclosure of which could compromise the security of sensitive data and/or information belonging to Plaintiff or another party.

16. Plaintiff objects to any interrogatory that seeks information that is protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other privilege, doctrine, exemption, and/or immunity, on the basis that such information is not discoverable.

17. Plaintiff's general objections, specific objections, and answers to Defendant's First Set for Interrogatories to Plaintiff are not intended to waive any objection(s) that Plaintiff may assert now or in the future including, without limitation, all rights to object on any ground at any time to the competency, relevance, and/or admissibility of any response, category of responses, or documents. Plaintiff reserves the right to object on any ground at any time to a request by Defendant for a further response.

18. Plaintiff's investigation of the facts relevant to this action is ongoing, and Plaintiff's general objections, specific objections, and responses are made in that context. Plaintiff reserves the right to amend, revise, supplement, correct, and/or add to the objections and responses should it become necessary or appropriate to do so.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

19. Subject to and without waiver of the foregoing General Objections, Plaintiff responds and asserts specific objections in response to Defendant's First Set of Interrogatories.

## PLAINTIFF'S RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.** Name every person who provided information used in the drafting of the responses to these Interrogatories.

**Response:** Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney–client privilege and/or the attorney work-product doctrine, including communications between Plaintiff and counsel and counsel's mental impressions. See Fed. R. Civ. P. 26(b)(3), 26(b)(5). Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case, as it is not reasonably limited in scope and seeks information not relevant to any party's claims or defenses. See Fed. R. Civ. P. 26(b)(1).

**Subject to and without waiving the foregoing objections, Plaintiff states that to the best of Plaintiff's knowledge, no person other than Plaintiff and Plaintiff's counsel provided information used in the drafting of these responses.**

**Interrogatory No. 2.** How many text messages did you receive from short code 30400?

**Response:** Plaintiff objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by a reasonable time period. See Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that this Interrogatory seeks information equally or more readily



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

available to Defendant, including through Defendant's own business records, databases, and messaging platform or short code transmission logs. See Fed. R. Civ. P. 26(b)(2)(C), 33(d).

**Subject to and without waiving the foregoing objections, Plaintiff does not presently know the exact number of text messages received from short code 30400. However, based on Plaintiff's review of the records currently available to him, Plaintiff believes he received at least twenty-eight (28) text messages from short code 30400. Plaintiff reserves the right to supplement or amend this response as discovery continues.**

**Interrogatory No. 3.** During what date range did you receive text messages about Wash Masters-branded services or purporting to come from a Wash Masters-branded establishment? Answer with the dates of the first message and final message.

**Response:** Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the phrases "about Wash Masters-branded services" and "purporting to come from a Wash Masters-branded establishment," and therefore not susceptible to a response with reasonable certainty. Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by a reasonable time period. See Fed. R. Civ. P. 26(b)(1). Plaintiff also objects that this Interrogatory seeks information equally or more readily available to Defendant, including through Defendant's own business records, databases, and messaging platform or short code transmission logs. See Fed. R. Civ. P. 26(b)(2)(C), 33(d).

**Subject to and without waiving the foregoing objections, Plaintiff states that based on information currently available, Plaintiff received such text messages beginning on or about July 29, 2024, and continuing through on or about December 20, 2025.**



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

**Interrogatory No. 4.** Have you ever visited a Wash Masters-branded car wash location?

**Response:** Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the term "Wash Masters-branded car wash location," and therefore not reasonably susceptible to a response with certainty. Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by time, geography, or subject matter. See Fed. R. Civ. P. 26(b)(1).

**Subject to and without waiving the foregoing objections, and interpreting "Wash Masters-branded car wash location" to mean a car wash operating under the Wash Masters name or brand, Plaintiff states that he recalls visiting such a location. Plaintiff does not recall the specific date of any such visit, but believes it would have occurred on or around 2024 during Defendant's "Grand Opening" promotion. Plaintiff further recalls that any such visit was for the purpose of redeeming a promotional coupon for a free car wash and that he did not purchase a car wash service.**

**Interrogatory No. 5.** If you answered "yes" to Interrogatory No. 4, on what date(s) did you do so?

**Response:** Plaintiff objects to this Interrogatory as vague and ambiguous as to the underlying reference in Interrogatory No. 4, including "Wash Masters-branded car wash location," and therefore not reasonably susceptible to a response with certainty. Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by time or location. See Fed. R. Civ. P. 26(b)(1).

**Subject to and without waiving the foregoing objections, Plaintiff states that he does not recall the specific date on which he may have visited a Wash Masters-branded car wash location. To the extent such a visit occurred, it would have been on or around 2024, during**



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

**Defendant's "Grand Opening."**

**<u>Interrogatory No. 6.</u>** If you answered "yes" to Interrogatory No. 4, did you ever provide your phone number (1) to a representative of that car wash location or (2) to that car wash location by electronic means (e.g., at an interactive kiosk, on a website, on a page linked by a QR code, etc.)?

**<u>Response:</u>** Plaintiff objects to this Interrogatory as vague and ambiguous as to the term "Wash Masters-branded car wash location," as used in Interrogatory No. 4, and therefore not reasonably susceptible to a response with reasonable certainty. Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by time, location, or specific transaction, and as compound in that it seeks multiple categories of information within a single Interrogatory. See Fed. R. Civ. P. 26(b)(1), 33(a)(1).

**Subject to and without waiving the foregoing objections, Plaintiff states that he believes he provided his telephone number through Defendant's website in connection with a promotional free car wash offer and/or related registration process that resulted in Plaintiff receiving text messages from Defendant. Plaintiff does not recall providing his telephone number through a representative, kiosk, or QR code-based submission.**

**<u>Interrogatory No. 7.</u>** Have you ever consented to receive phone calls or text messages regarding Wash Masters-branded services or from a Wash Masters-branded location?

**<u>Response:</u>** Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the terms "Wash Masters-branded services" and "Wash Masters-branded location," and therefore not reasonably susceptible to a response with reasonable certainty. Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by time, method, or specific alleged source of communications. See Fed. R. Civ.



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

P. 26(b)(1). Plaintiff also objects that this Interrogatory seeks legal conclusions regarding "consent" and the scope of any purported consent. See Fed. R. Civ. P. 33(a)(2).

**Subject to and without waiving the foregoing objections, Plaintiff states that he may have provided his telephone number through Defendant's website in connection with a promotional offer for a free car wash. Plaintiff understands that, following that submission, he received text messages from Defendant. Plaintiff does not recall expressly agreeing to receive ongoing marketing or promotional text messages beyond those associated with redeeming the promotional offer. To the extent this Interrogatory seeks a legal characterization of any such interaction as "consent," Plaintiff denies that he is qualified to provide a legal conclusion and refers Defendant to the facts stated above.**

**Interrogatory No. 8.** If you answered "yes" to Interrogatory No. 7, please describe the means by which you gave such consent.

**Response:** Plaintiff objects to this Interrogatory as vague and ambiguous as to the terms "Wash Masters-branded services" and "Wash Masters-branded location," as used in Interrogatory No. 7, and therefore not reasonably susceptible to a response with reasonable certainty. Plaintiff further objects that this Interrogatory is overbroad and not proportional to the needs of the case to the extent it is not limited by time, method, or specific alleged source of consent. See Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent this Interrogatory assumes facts not admitted, including that Plaintiff provided legally effective consent to receive the communications at issue.

**Subject to and without waiving the foregoing objections, Plaintiff states that he recalls providing his telephone number through Defendant's website in connection with a promotional offer for a free car wash during Defendant's grand opening promotion. Plaintiff does not recall the specific details of the submission process and is not presently aware of any**

**agreement by which he expressly consented to receive ongoing marketing or promotional text messages. Defendant's records regarding the website submission process, disclosures, and any purported consent are likely to be more complete than Plaintiff's present recollection.**

**<u>Interrogatory No. 9.</u>** Describe the process by which you identified which party to name as the defendant in this suit.

**<u>Response:</u>** Plaintiff objects to this Interrogatory on the grounds that it seeks information protected by the attorney–client privilege and/or the attorney work-product doctrine, including counsel's mental impressions, litigation strategy, and communications between Plaintiff and counsel. See Fed. R. Civ. P. 26(b)(3), 26(b)(5). Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks a narrative description of Plaintiff's litigation decision-making and legal theories, which are not discoverable. See Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this Interrogatory to the extent it calls for legal conclusions. See Fed. R. Civ. P. 33(a)(2).

**Subject to and without waiving the foregoing objections, Plaintiff states that he received text messages that referenced Wash Masters and/or promoted Wash Masters car wash services. Based on information available to him at the time, Plaintiff understood the messages to have been sent on behalf of or for the benefit of Wash Masters. Plaintiff thereafter retained counsel, and the Complaint identifies the Defendant(s) believed to be responsible for the text messages at issue. Plaintiff refers Defendant to the allegations of the Complaint for further details.**

**Interrogatory No. 10.** Identify all damages you seek in this suit, your theory for recovering those damages, the amount of damages you seek, and the method for calculating that amount.

**Response:** Plaintiff objects to this Interrogatory as premature to the extent it seeks a detailed computation of damages prior to the completion of discovery, calls for expert analysis, and seeks legal conclusions regarding damages methodology.

**Subject to and without waiving this objection, Plaintiff states that his damages arise from Defendant's violations of the Telephone Consumer Protection Act and consist of statutory damages of $500.00 per unlawful call and up to $1,500.00 per call for any violations found to be knowing or willful. The factual basis for these damages is the number of unlawful telephone calls made to Plaintiff's telephone number, inclusive of text messages, after it was registered on the National Do Not Call Registry and after Plaintiff instructed Defendant to cease contacting him.**

**Plaintiff also seeks injunctive relief prohibiting further unlawful telephonic solicitations, as well as any other relief permitted under applicable law. Plaintiff will supplement this response, if necessary, following the completion of discovery regarding the full number of calls at issue and Defendant's dialing practices.**

**Interrogatory No. 11.** Identify all other persons who have received text messages which they or you believe to be in violation of federal or Texas telemarketing laws.

**Response:** Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the terms "believe to be in violation," "federal or Texas telemarketing laws," and the scope of "text messages," and therefore not reasonably susceptible to a response with reasonable certainty. Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome, and not



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

proportional to the needs of the case, as it is not limited by time, geography, or any defined group of persons. See Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control and calls for speculation regarding unidentified third parties.

**Subject to and without waiving the foregoing objections, Plaintiff is not presently aware of any such individuals.**

**Interrogatory No. 12.** Describe the mobile phone on which you received the text messages you complain about in the Complaint. Provide the manufacturer and model of the phone.

**Response:** Plaintiff objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited in time. See Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent this Interrogatory seeks information that may not be presently within Plaintiff's possession or recollection with exact specificity.

**Subject to and without waiving the foregoing objections, Plaintiff states that the text messages described in the Complaint were received on a mobile telephone. Based on information presently available to Plaintiff, the device is identified as an Apple iPhone 14 Pro Max.**

**Interrogatory No. 13.** Do you still have the mobile phone described in your response to Interrogatory No. 12?

**Response:** Plaintiff objects to this Interrogatory as overbroad to the extent it is not limited in time or seeks information beyond the relevant period. See Fed. R. Civ. P. 26(b)(1).

**Subject to and without waiving the foregoing objection, Plaintiff states that yes, he currently possesses the mobile phone described in response to Interrogatory No. 12.**



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

**<u>Interrogatory No. 14.</u>** If you answered yes to Interrogatory No. 13, are the text messages complained of in the Complaint still saved on that mobile phone? If not, why not?

**<u>Response:</u>** Plaintiff objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks a forensic or exhaustive description of data storage on Plaintiff's mobile device, which is not within Plaintiff's technical knowledge or expertise. See Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to the extent this Interrogatory calls for speculation regarding the current state of electronic data on a mobile device. Plaintiff further objects to this Interrogatory to the extent it seeks information beyond Plaintiff's present knowledge or requires speculation regarding the existence, retention, or storage of electronic data.

**Subject to and without waiving the foregoing objections, Plaintiff states that yes, the text messages described in the Complaint remain saved on the mobile phone. To the extent any messages are no longer present, Plaintiff does not have specific knowledge as to why they may no longer be stored, as text message storage may change over time due to routine device use, updates, or automatic deletion settings.**

**<u>Interrogatory No. 15.</u>** Have you visited any other Wash Masters-branded car wash locations in the relevant time period other than the location in Grand Prairie?

**<u>Response:</u>** Plaintiff objects to this Interrogatory as vague and ambiguous, including as to the terms "Wash Masters-branded car wash locations" and "relevant time period," and therefore not reasonably susceptible to a response with reasonable certainty. Plaintiff further objects to this



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

Interrogatory as overbroad and not proportional to the needs of the case to the extent it is not limited by time, geography, or specific identified locations. See Fed. R. Civ. P. 26(b)(1).

**Subject to and without waiving the foregoing objections, Plaintiff is not presently aware of having visited any other Wash Masters-branded car wash locations during the relevant time period other than the location identified in Grand Prairie.**

*[Counsel signatures to follow on next page.]*



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

RESPECTFULLY SUBMITTED AND DATED this 12th day of June, 2026.

*/s/ Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Sharon K Campbell
**LAW OFFICE OF SHARON K CAMPBELL**
3500 Oak Lawn Ave, Suite 205
Dallas, TX 75219
Telephone: (214) 351-3260
sharon@sharonkcampbell.com

*Counsel for Plaintiff Joshua Wilson*
*and the Putative Class*



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

**PLAINTIFF VERIFICATION**

I, Joshua Wilson, state that I am the Plaintiff in this matter; I have read the within and foregoing document, know the contents thereof, and believe the same to be true and correct.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Signed at Fort worth, Texas, on the 8 day of June, 2026.

By: Josh 06 / 08 / 2026

Joshua Wilson



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a

**CERTIFICATE OF SERVICE**

I, Cassandra P. Miller, hereby certify that on June 12, 2026, I caused the foregoing to be transmitted by electronic mail (e-mail) to the following counsel of record:

Brian C. Newby
Derek Carson
W. Andrew Boone
**CANTEY HANGER, LLP**
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-877-2807
bnewby@canteyhanger.com
dcarson@canteyhanger.com
aboone@canteyhanger.com

*Counsel for Defendant*
*Wash Masters LP*

DATED this 12th day of June, 2026.

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com



Doc ID: c141e04d0ccf058ef99b9583524666b8b55f651a