EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | No. 4:26-cv-00217-O |
| v. | § § | |
| WASH MASTERS, L.P., ARADI PROPERTIES, LLC, OPTSPOT, LLC | § § § | |
| Defendants. | | |

**DEFENDANT ARADI PROPERTIES, LLC'S FIRST SET OF CONSOLIDATED DISCOVERY REQUESTS TO PLAINTIFF JOSHUA WILSON**

To: Plaintiff Joshua Wilson, by and through his attorneys of record, Anthony Paronich (Paronich Law, P.C., 350 Lincoln St., Suite 2400, Hingham, MA 02043); Samuel J. Strauss, Cassandra P. Miller (Strauss Borrelli PLLC, One Magnificent Mile, 980 N Michigan Avenue, Suite 1610, Chicago, IL 60611); and Sharon K. Campbell (6220 Campbell Rd, Suite 300, Dallas, Texas 75248).

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendant Aradi Properties, LLC ("Aradi") serves its First Set of Consolidated Discovery Requests on Plaintiff Joshua Wilson ("Plaintiff"). Plaintiff must serve written answers and responses to these Interrogatories, Requests for Production, and Requests for Admission within thirty (30) days after service, and serve such answers and responses on counsel for Aradi, Kathryne (Kate) M. Morris at the law offices of Carrington, Coleman, Sloman, & Blumenthal, L.L.P., 2200 Ross Ave., Suite 1800, Dallas, Texas 75201.

## DEFINITIONS[1]

1. "You" and "Your" mean Plaintiff Joshua Wilson and any person acting on his behalf.

[1] Each definition incorporates by reference all terms that are defined terms, wherever located.

2. "Aradi" means Defendant Aradi Properties, LLC.

3. "Complaint" means Plaintiff's First Amended Class Action Complaint (ECF No. 18), and any subsequent filing that supersedes such Complaint.

4. "Wash Masters-branded" means, with respect to a car wash location, "a car wash operating under the Wash Masters name or brand";[2] and, with respect to a website, promotion, or offer, one that uses the Wash Masters name or brand.

5. "Website" means the website through which You believe You provided Your telephone number "in connection with a promotional free car wash offer and/or related registration process," as described in Your response to Wash Masters' Interrogatory No. 6, and includes each webpage on that website that You viewed.

6. "Text Messages" means the text messages You allege were sent to Your telephone number from a short code that are the subject of the Complaint, including without limitation those messages identified in ¶¶ 41–45 of the Complaint.

7. "Identify," with respect to a website or webpage, means to state its full URL, including the domain and page path. If You cannot state the full URL, state the domain name, the page title or heading, and any other content that distinguishes the page. "Identify," with respect to a car wash location, means to state its street address, city, and state. If You cannot state the street address, state the nearest intersecting streets, the city, and any signage, business name, or landmark You recall.

8. "Document" has the full meaning given in Federal Rule of Civil Procedure 34(a)(1) and includes electronically stored information, screenshots, photographs, browser history, text messages, and emails.

---

[2] This is the same meaning You adopted in Your response to Wash Masters' Interrogatory No. 4.

9. "Communications" means any written communication, including without limitation letters, faxes, memos, text messages, comments on or in connection with any social media, and emails.

10. Unless an interrogatory or request states a different period, these interrogatories and requests cover January 1, 2024 through the date of Your response.

**INSTRUCTIONS**

1. Answer each interrogatory separately and fully in writing under oath, and sign the answers. Fed. R. Civ. P. 33(b)(3), (5). If You cannot answer an interrogatory fully, answer to the extent You can and state why You cannot answer the remainder.

2. Where an interrogatory asks You to state whether You recall a fact, an answer that You do not recall is a complete answer to that portion of the interrogatory; do not omit the answer on that ground.

3. Produce electronically stored information in the form in which it is ordinarily maintained or in searchable PDF, except that screenshots and photographs must be produced as native image files with metadata intact, and text messages must be produced in a form that shows the sender, recipient, date, and time of each message. *See* Fed. R. Civ. P. 34(b)(1)(C).

4. Any reference to "ECF No. __" shall be to the docket number in the Electronic Case File maintained by the United States Clerk for the Northern District of Texas in the above-captioned lawsuit.

5. If You withhold any information or Document under a claim of privilege or work-product protection, describe what is withheld as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5)(A). For each objection to a request for production, state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C).

6. Answer each request for admission separately. If You do not admit a matter, specifically deny it or state in detail why You cannot admit or deny it. Fed. R. Civ. P. 36(a)(4).

7. These interrogatories and requests are continuing. Supplement Your answers and responses as Federal Rule of Civil Procedure 26(e) requires.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify by street address, city and state the Wash Masters-branded car wash location(s) that You reference in the Complaint.

**ANSWER**:

**INTERROGATORY NO. 2**: State whether You entered Your telephone number on the website located at https://www.washmasters.com before You received the first of the Text Messages or any telephone call alleged in the Complaint.

**ANSWER**:

**INTERROGATORY NO. 3**: Other than the submission addressed in Interrogatory No. 2, describe each manner in which You provided Your telephone number to Wash Masters, L.P., to any person acting on its behalf, or through any Wash Masters-branded website, promotion, or offer, including without limitation, entering it on a website, texting a keyword to a short code, scanning a QR code, entering it at a kiosk or pay station, signing up for a membership or loyalty program, using a mobile application, completing a paper form, or giving it to an employee.

**ANSWER**:

**INTERROGATORY NO. 4**: Identify every lawsuit, arbitration, demand letter, or pre-suit claim that You have filed, made, or asserted since January 1, 2020 under the Telephone Consumer Protection Act, 47 U.S.C. § 227, or any state telemarketing or telephone-solicitation law, and for each state the caption and court or forum (or, for a demand letter or pre-suit claim, the recipient), the date, and the outcome, including the amount of any settlement or judgment.

**ANSWER**:

**INTERROGATORY NO. 5**: Describe every harm for which You seek redress in the Complaint.

**ANSWER**:

**INTERROGATORY NO. 6**: State all facts supporting Your contention in the Complaint that Aradi's alleged violations were "willful" or "knowing," including each act or omission by Aradi, as distinct from any other Defendant, on which You rely.

**ANSWER**:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**: All Documents reflecting Your visit to the Website or Your submission of Your telephone number on the Website or the website located at https://www.washmasters.com, including screenshots, webpages (saved or printed), confirmation emails or text messages, and any record of the promotional free car wash offer or registration process described in Your answer to Wash Masters' Interrogatory No. 6.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2**: The advertisement, email, text message, social media post, search engine query or result, printed or digital coupon, QR code, link, referral from any person, or any other Communication that led You to the Website or the website located at https://www.washmasters.com, including without limitation the promotional coupon for a free car wash described in Your answer to Wash Masters' Interrogatory No. 4 and any Document reflecting its redemption.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3**: Any advertisement, email, text message, social media post, search engine query or result, printed or digital coupon, QR code, link, referral from any person, or any other Communication identified in Your answer to Interrogatory No. 3, including without limitation the promotional coupon for a free car wash described in Your answer to Wash Masters' Interrogatory No. 4 and any Document reflecting its redemption.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4**: All Documents supporting any harm identified in Your answer to Interrogatory No. 5.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5**: All Documents on which You rely for the contention, addressed in Interrogatory No. 6, that Aradi's alleged violations were "willful" or "knowing."

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6**: Documents sufficient to show each occasion on which You visited or transacted with the Wash Masters-branded car wash location located at 3190 Lynn Creek Pkwy Grand Prairie, TX 75052, including without limitation receipts, transaction records, account statements reflecting charges, credits, or refunds associated with that location, membership or loyalty account records, and any photographs, videos, emails, or text messages identifying that location.

**RESPONSE**:

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that the "Grand Prairie Wash Masters location" referred to in Your Complaint is located at 3190 Lynn Creek Pkwy Grand Prairie, TX 75052.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 2**: Admit that the "Grand Prairie Wash Masters location" referred to in Your Complaint is located at 3047 E Mayfield Rd Grand Prairie, TX 75052.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 3**: Admit that website through which You believe You provided Your telephone number "in connection with a promotional free car wash offer and/or related registration process," as described in Your response to Interrogatory No. 6 of Defendant Wash Masters, L.P.'s First Set of Interrogatories to Plaintiff, is the website located at https://www.washmasters.com.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 4**: Admit that You entered Your telephone number on the website located at https://www.washmasters.com before You received the first of the Text Messages.

**RESPONSE**:

Respectfully submitted,

*By: /s/ Kathryne (Kate) M. Morris*

**Cathy L. Altman**
Texas Bar No. 00794946
Email: caltman@ccsb.com
**Kathryne (Kate) M. Morris**
Texas Bar No. 24061280
Email: kmorris@ccsb.com
**D. Lance Currie**
Texas Bar No. 24065106
Email: lcurrie@ccsb.com
**Alexander M. Breaux**
Texas Bar No. 24150777
Email: abreaux@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
2200 Ross Ave., Suite 1800
Dallas, Texas 75201
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

*Attorneys for Aradi Properties, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 2, 2026, a true and correct copy of the foregoing document was served on counsel of record in the above-captioned matter in accordance with the Federal Rules of Civil Procedure.

*By: /s/ Kathryne (Kate) M. Morris*
Kathryne (Kate) M. Morris