**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**JOSH WILSON, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**v.**

**Case No. 4:26-cv-00217-O**

**WASH MASTERS, L.P., ARADI PROPERTIES, LLC, and OptSpot, LLC**

**Defendants.**

**OPTSPOT, LLC'S ANSWER**
**<u>TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Defendant, OptSpot, LLC ("OptSpot"), submits this Answer and Affirmative Defenses to the First Amended Class Action Complaint (hereinafter the "Complaint") (Doc.18) filed by Plaintiff, Josh Wilson ("Plaintiff"), and states:

1. OptSpot admits plaintiff filed this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, OptSpot denies the allegations in ¶ 1.

2. OptSpot admits plaintiff filed this action for alleged violations of the TCPA, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, OptSpot denies the allegations in ¶ 2.

3. OptSpot admits plaintiff filed this action for alleged violations of the Texas Telephone Solicitation Act ("Texas Act"), Tex. Bus. & Com. Code § 305.001, *et seq*., but

denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, OptSpot denies the allegations in ¶ 3.

4. The allegations in ¶ 4 are not directed towards OptSpot. To the extent a response is required, OptSpot denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. The allegations in ¶ 5 are not directed towards OptSpot. To the extent a response is required, OptSpot denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. OptSpot admits it is a business entity that provides SMS marketing services. Except as specifically admitted, OptSpot denies the allegations in ¶ 6.

7. OptSpot denies the allegations in ¶ 7.

8. Upon information and belief, OptSpot admits this Court has jurisdiction. Except as specifically admitted, OptSpot denies the allegations in ¶ 8.

9. Upon information and belief, OptSpot admits this Court has jurisdiction. Except as specifically admitted, OptSpot denies the allegations in ¶ 9.

10. Upon information and belief, OptSpot admits venue is proper. Except as expressly admitted, OptSpot denies the allegations in ¶ 10.

11. Upon information and belief, OptSpot admits this Court has jurisdiction. Except as specifically admitted, OptSpot denies the allegations in ¶ 11.

## BACKGROUND

***The Telephone Consumer Protection Act***

12. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, denied.

13. *Krakauer v. Dish* speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. OptSpot admits the allegations in ¶ 14.

15. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 15 state otherwise, denied.

16. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, denied.

17. 47 C.F.R. § 64.1200 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, denied.

18. 47 C.F.R. § 64.1200 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, denied.

19. *Campbell-Ewald Co. v. Gomez* speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 19 state otherwise, denied.

20. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, denied.

21. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 21 state otherwise, denied.

22. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 22 state otherwise, denied.

23. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 23 state otherwise, denied.

24. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 24 state otherwise, denied.

25. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 25 state otherwise, denied.

26. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 26 state otherwise, denied.

27. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 27 state otherwise, denied.

28. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 28 state otherwise, denied.

29. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 29 state otherwise, denied.

30. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 30 state otherwise, denied.

31. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 31 state otherwise, denied.

32. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 32 state otherwise, denied.

***Plaintiff Josh Wilson and Defendants' Text MessOptSpote Contact***

33. OptSpot denies the allegations in ¶ 33 as calling for a legal conclusion.

34. OptSpot denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. OptSpot denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. OptSpot denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. OptSpot denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. OptSpot denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. OptSpot denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. OptSpot denies the allegations in ¶ 40.

41. OptSpot denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. OptSpot denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. OptSpot denies the allegations in ¶ 43, as written.

44. OptSpot denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. OptSpot denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. OptSpot denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. OptSpot denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. OptSpot denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49. OptSpot denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.

50. OptSpot denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51. OptSpot denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.

52. OptSpot denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53. OptSpot denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein.

54. OptSpot denies the allegations in ¶ 54 as calling for a legal conclusion.

55. OptSpot denies the allegations in ¶ 55.

56. OptSpot denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57. OptSpot denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58. OptSpot denies the allegations in ¶ 58 for lack of knowledge or information sufficient to form a belief therein.

59. OptSpot denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein.

60. OptSpot denies the allegations in ¶ 60, as written.

61. OptSpot denies the allegations in ¶ 61, as written.

62. OptSpot denies the allegations in ¶ 62 as calling for a legal conclusion.

63. OptSpot denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief therein.

64. OptSpot admits the allegations in ¶ 64.

65. The records speak for themself and are the best evidence of their content. To the extent the allegations in ¶ 65 state otherwise, denied.

66. OptSpot admits the allegations in ¶ 66, only that that is what Plaintiff alleges.

67. OptSpot denies the allegations in ¶ 67.

68. OptSpot denies the allegations in ¶ 68 for lack of knowledge or information sufficient to form a belief therein.

69. OptSpot denies the allegations in ¶ 69 for lack of knowledge or information sufficient to form a belief therein.

70. OptSpot admits Aradi was a client of OptSpot. Except as specifically admitted, OptSpot denies the allegations in ¶ 70.

71. The produced document speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 71 state otherwise, denied.

72. OptSpot denies the allegations in ¶ 72 as calling for a legal conclusion.

73. OptSpot denies the allegations in ¶ 73 for lack of knowledge or information sufficient to form a belief therein.

74. OptSpot admits Aradi was a client of OptSpot. Except as specifically admitted, OptSpot denies the allegations in ¶ 74.

75. OptSpot admits only that it provided services to Aradi. Except as specifically admitted, OptSpot denies the allegations in ¶ 75.

76. OptSpot denies the allegations in ¶ 76 for lack of knowledge or information sufficient to form a belief therein.

77. OptSpot denies the allegations in ¶ 77 for lack of knowledge or information sufficient to form a belief therein.

78. OptSpot denies the allegations in ¶ 78 for lack of knowledge or information sufficient to form a belief therein.

79. OptSpot denies the allegations in ¶ 79.

80. OptSpot denies the allegations in ¶ 80 for lack of knowledge or information sufficient to form a belief therein.

## CLASS ACTION ALLEGATIONS

81. OptSpot denies that the class definition set forth in ¶ 81 satisfy the requirements of Fed. R. Civ. P. 23.

82. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 82.

83. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 83.

84. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 84.

85. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 85.

86. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 86.

87. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that

plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 87.

88. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 88.

89. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 89.

90. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 90.

91. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 91.

92. OptSpot admits plaintiff purports to bring this action as a class action, but OptSpot denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, OptSpot denies the allegations in ¶ 92.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

93. OptSpot reasserts the foregoing as if fully stated herein.

94. OptSpot denies the allegations in ¶ 94.

95. OptSpot denies the allegations in ¶ 95.

96. OptSpot denies the allegations in ¶ 96.

97. OptSpot denies the allegations in ¶ 97.

98. OptSpot denies the allegations in ¶ 98.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

99. OptSpot reasserts the foregoing as if fully stated herein.

100. OptSpot denies the allegations in ¶ 100.

101. OptSpot denies the allegations in ¶ 101.

102. OptSpot denies the allegations in ¶ 102.

103. OptSpot denies the allegations in ¶ 103.

**THIRD CAUSE OF ACTION**
**Violation of the Texas Solicitation Act**
**(Tex. Bus. & Com. Code § 305.001 et seq.)**

104. OptSpot reasserts the foregoing as if fully stated herein.

105. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 105 state otherwise, denied.

106. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 106 state otherwise, denied.

107. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 107 state otherwise, denied.

108. OptSpot denies the allegations in ¶ 108 for lack of knowledge or information sufficient to form a belief therein.

109. OptSpot denies the allegations in ¶ 109.

110. OptSpot denies the allegations in ¶ 110.

111. The Texas Act speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 111 state otherwise, denied.

112. OptSpot denies the allegations in ¶ 112.

113. OptSpot denies the allegations in ¶ 113.

**DEMAND FOR JURY TRIAL**

OptSpot admits plaintiff has demanded a jury trial but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, OptSpot denies the allegations in Plaintiff's Demand for Jury Trial.

**AFFIRMATIVE DEFENSES**

1. OptSpot denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of OptSpot 's purported violations.

2. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

3. Assuming plaintiff suffered any damages, plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce her damages.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than OptSpot and were beyond the control or supervision of OptSpot or for whom OptSpot was and is not responsible or liable.

5. One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

6. Plaintiff consented and authorized calls to the phone number in question.

7. The called party consented and authorized calls to the phone number in question.

8. The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

9. To the extent the calls at issue were to plaintiff's telephone, as alleged, plaintiff provided consent to receive those calls.

10. To the extent plaintiff was not the subscriber of the phone at the time of the calls, plaintiff has no standing to assert the claim.

11. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

12. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

13. Plaintiff has failed to state a claim against OptSpot upon which relief may be granted.

14. The calls were made with the consent of a person acting with authority to provide consent.

Respectfully Submitted,

*/s/ Whitney L. White*

Whitney L. White
Texas Bar No. 24075269
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Parkway, Suite 260
Plano, Texas 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant, OptSpot, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026 a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and was served via CM/ECF on the following:

Samuel J. Strauss
Cassandra P. Miller
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043

Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*

*/s/ Whitney L. White*
Whitney L. White