**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSH WILSON, on behalf of himself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **Civil Case No. 4:26-cv-00217-O** |
| **v.** | ) | |
| **WASH MASTERS, L.P., ARADI PROPERTIES, LLC, OPTSPOT, LLC,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT, OPTSPOT, LLC'S, MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Ask anyone how many telephone calls they've received on their cell phone in the past week. If pressed, most will start counting from the "Recent Calls" in their phone app. Not one will open their text messaging app. Simply put, a text message is not a telephone call. Certainly, 35 years ago, Congress did not contemplate a text equals a call. Nevertheless, plaintiff alleges OptSpot violated § 227(c)(5) of the Telephone Consumer Protection Act ("TCPA") by sending him telemarketing text messages without his consent. But, that section of the TCPA only applies to "telephone calls." plaintiff does not allege OptSpot made single telephone call to him. A plain reading of the statute confirms plaintiff fails to state a claim under the TCPA.

Plaintiff also asserts a claim under the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001, *et seq*. (the "Texas Act"), for sending text messages using an automatic dialing announcing device. The plain language of the Texas Act, however,

applies only to "telephone calls;" specifically, telephone calls were made with knowledge the "called person will be charged for that specific call." In addition to a text not being a call, plaintiff has not alleged he was charged for any of the specific texts identified in the Amended Complaint, much less OptSpot knew or should have known he would be charged.

The Court should dismiss the Amended Complaint with prejudice.

## I. FACTS AND BACKGROUND

On February 25, 2026 plaintiff filed this action against Wash Masters, L.P.

On July 22, 2026, plaintiff filed the First Amended Class Action Complaint adding OptSpot as a defendant. Dkt. No. 18.

Plaintiff alleges he registered his 469-836-XXXX number with the National Do Not Call Registry ("DNC"). *See* Dkt. No. 18 at ¶ 35. Despite this he received "text messages" from the "Defendants," defined as OptSpot, Wash Masters, L.P. and Aradi Properties, LLC. *Id*. at ¶¶ 41-45.

Plaintiff does *not* allege he received any "telephone calls" from Defendants, nor does he allege he was specifically charged for any of the text messages he received.

Based solely upon these allegations, plaintiff asserts three causes of action. In Count I, plaintiff alleges violations of § 227(c)(5) and 47 C.F.R. § 64.1200(c) for *telephone calls* to numbers on the DNC List. *Id*. at ¶¶ 93-98. In Count II, plaintiff alleges violations of § 227(c)(5) and 47 C.F.R. § 64.1200(d) for *telephone calls* made in violation of internal do not call provisions. *Id.* at ¶¶ 99-103. In Count III, plaintiff alleges violations of the Texas Act for *telephone calls* made using an automatic dialing announcing device for *which the charged for that specific call*. *Id.* at ¶¶ 104-113.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed, provided the motion is filed early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

Accordingly, to survive a Rule 12(c) motion, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court must accept well-pleaded factual allegations as true and construe them in the light most favorable to the nonmoving party, it need not accept legal conclusions, conclusory allegations, or unwarranted factual inferences. *Iqbal*, 556 U.S. at 678–79; *Great Plains Trust Co.*, 313 F.3d at 312–13. Judgment on the pleadings is appropriate when, accepting the well-pleaded facts as true, the plaintiff has failed to state a legally cognizable claim for relief. *Doe*, 528 F.3d at 418.

### A. The TCPA's DNC Provisions Do Not Apply To Text Messages.

Section 227(c)(5) of the TCPA unambiguously limits its application to "telephone calls," not text messages. 47 U.S.C. § 227(c)(5). "If the statutory text is unambiguous, our inquiry begins and ends with the text." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). Statutory interpretation begins "with the statute's plain language, giving words the meaning that proper grammar and usage would assign them." *Minn.*

*Telecom All. v. FCC*, 2026 U.S. App. LEXIS 13157, *50 (8th Cir. May 6, 2026) (quoting *United States v. Lester*, 92 F.4th 740, 742 (8th Cir. 2024)). "If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *Id.* at *50–51 (quoting *United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013)). The U.S. Supreme Court has stated "the statutory text … best reflects Congress's intent[.]" *Republic of Hungary v. Simon*, 604 U.S. 115, 137 (2025).

Plaintiff contends Defendants violated the TCPA's do-not-call provision by delivering, or causing to be delivered, more than one advertisement or marketing "***text message***" to the Number. *See* Dkt. No. 18, ¶¶ 93-103. "The fundamental problem" with plaintiff's contention "is that the [TCPA's] text … says no such thing." *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022). Instead, § 227(c)(5) provides a private right of action only to a "person who has received more than one ***telephone call*** within any 12-month period by or on behalf of the same entity in violation of" certain regulations. 47 U.S.C. § 227(c)(5) (emphasis added). Congress did not authorize a private action for receipt of "text messages," "SMS messages," "wireless messages," or "telephone calls or messages." It authorized a private action for receipt of "telephone call[s]." *Id.*

Congress's choice of words matters. "The statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 U.S. Dist. LEXIS 32415, *10 (N.D. Ga. Feb. 17, 2026). Numerous courts considering this issue have reached the same conclusion. *See Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 899–900 (C.D. Ill. 2025) ("[U]nder a plain reading, Section 227(c)(5) of the TCPA does not regulate text

messages.”); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1275–76 (N.D. Fla. 2025) (“[Plaintiff] had to allege that he received at least two ‘telephone calls.’ He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim.”); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, *3 (M.D. Fla. Oct. 24, 2025) (“In addition to the fact that in common American English usage, a ‘telephone call’ and a ‘text message’ are separate and distinct forms of communication, the term ‘text message’ appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction.”) (citing Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a)); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214-LMM, 2026 U.S. Dist. LEXIS 65154, *6 (N.D. Ga. Feb. 12, 2026) (“[B]ecause the Court finds that text messages do not fall within the term ‘telephone call’ under Section 227(c)(5), Plaintiff’s claim fails as a matter of law.”); *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 U.S. Dist. LEXIS 42954, *3 (N.D. Ohio Mar. 3, 2026) (“[T]his Court joins several others in holding that the term ‘telephone call’ as used in Section 227(c)(5) of the TCPA does not encompass ‘text messages.’”); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-TWP-TAB, 2026 U.S. Dist. LEXIS 65697, *13 (S.D. Ind. Mar. 26, 2026) (“[T]he Court conclude[s] that ‘telephone call’ under § 227(c)(5) of the TCPA does not include text messages[.]”); *Lopresti v. Nouveau Essentials Mktg. LLC*, No. 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026) (report and recommendation) (recommending

judgment on the pleadings where plaintiff alleged only text messages).[1] This Court should follow suit and hold text messages are not actionable under § 227(c)(5).

In his Amended Complaint, plaintiff cites *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016) to support his contention that a "text message is a 'call' as defined by the TCPA." Dkt. No. 18 at ¶ 19. However, that case involved TCPA claims under § 227(b) rather than § 227(c) and is inapposite. Indeed, the Seventh Circuit recently clarified *Campbell-Edward* was "about another provision of § 227" and that "the Supreme Court's opinion in *Duguid*, [] explained that *Campbell-Ewald* didn't resolve whether a text message is a call." *Steidinger v. Blackstone Med. Servs*., 182 F.4th 532, 537-538 (7th Cir. July 14, 2026).

Indeed, *Steidinger* not only applied the plain meaning of "telephone call," but also recognized the TCPA contemplates the use of "messages," but did not apply that language as to the subject provision:

> The provisions surrounding § 227(c)(5) provide further evidence that it doesn't create a private right of action for text messages. Sections 227(c)(1) and (c)(2) direct the Federal Communications Commission to engage in rulemaking "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1) (emphasis added). And § 227(c)(3) and (c)(4) discuss the creation

[1] *But see Stockdale,* 2026 U.S. Dist. LEXIS 42954 at *3 (acknowledging courts "around the country are split as to the outcome of this issue, in light of the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 145 S. Ct. 2006, 222 L. Ed. 2d 405 (2025), which redefined how courts consider agency guidance when interpreting statutes"). The Fifth Circuit, citing *McLaughlin*, dismissed a TCPA claim and stated "In enforcement proceedings like this one, courts must interpret the meaning of Congress's enacted text according to ordinary principles of statutory interpretation, without deference to an agency's reading." *Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809, 811 (5th Circ. Feb. 25, 2026).

> of a national database of individuals "who object to receiving telephone solicitations," i.e., the creation of the National Do-Not-Call Registry. *Id.* § 227(c)(3) (emphasis added).
>
> We note that these other subsections of § 227(c) consistently use the term "telephone solicitation," which the TCPA defines as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" Id. § 227(a)(4) (emphasis added). Yet § 227(c)(5) only creates a private right of action for the receipt of more than one "telephone call" within a 12-month period. It doesn't mention telephone messages, nor does it use the more encompassing term, telephone solicitation.
>
> The plaintiffs urge us to overlook this difference and insist that § 227(c)(5) creates a private right of action for all telephone solicitations. But we read the words of a statute in their context, which includes the overall statutory scheme. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S. Ct. 1291, 146 L. Ed. 2d 121 (2000). And we presume that because Congress used a different term in these two subsections of § 227, it intended a different meaning. *See Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 457-58, 142 S. Ct. 1783, 213 L. Ed. 2d 27 (2022) (explaining the meaningful-variation canon). The best reading of § 227(c)(5) is therefore that it provides a narrower remedy than recovery for all forms of telephone solicitation; plaintiffs may sue after receiving unwanted telephone calls, but not unwanted telephone solicitations (which include not merely calls but also messages).

*Id*. at 536.

Numerous courts have cited *Steidinger* favorably and held a text message is not a "telephone call" under § 227(c)(5). *See Rush v. Selectquote Ins. Servs.*, 2026 U.S. Dist. LEXIS 182934, *5 (July 30, 2026) ("Plaintiff only alleges the receipt of text messages, not telephone calls. She fails to state a claim under the plain and ordinary language of § 227(c)(5)."); *Bronstin v. Happy Cabbage Analytics, Inc.*, 2026 U.S. Dist. LEXIS 248072, *18 (Oct. 29, 2026) ("In sum, text messages are not telephone calls under the plain language in § 227(c)(5),"); *Lowrey v. Twilio, Inc.*, 2026 U.S. Dist. LEXIS 226120, *18 (October 1, 2026) ("Because a text message is different from a telephone call and because

§ 227(c)(5) only applies to "telephone calls," Lowrey's § 227(c)(5) claims relying on text messages must be dismissed.").[2]

Moreover, Congress has repeatedly amended the TCPA and has expressly defined and referred to "text message[s]" when it intended to regulate them. See 47 U.S.C. §§ 227(e)(1), (e)(8)(C); *Steidinger*, 182 F.4th at 539. Congress's decision to add that language elsewhere in the statute while leaving § 227(c) untouched confirms that the private right of action under § 227(c)(5) remains limited to "telephone call[s]." *See Steidinger*, 182 F.4th at 539 (Congress "could have done the same for § 227(c)(5) but did not."). This Court has applied the same text-first approach to statutory construction and should reach the same conclusion. *See Ams. for Beneficiary Choice v. U.S. Dep't of Health & Hum. Servs.*, 795 F. Supp. 3d 895, 902–03 (N.D. Tex. 2025) (O'Connor, C.J.); *see also Ybarra v. Dish Network, LLC*, 807 F.3d 635 (5th Cir. 2015) (applying the plain meaning of the statutory language in the TCPA).

Plaintiff's § 227(c) claim is limited to text messages rather than telephone calls. Because text messages are not "telephone calls" under the TCPA, plaintiff fails to state a claim under the TCPA. Therefore, the Court should dismiss this case with prejudice.

**B. <u>Plaintiff Fails To State A Claim Under the Texas Act</u>.**

The Texas Act provides:

> A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if:

---

[2] Undersigned does feel obligated to advise the Court of a decision from the Western District that disagreed with *Steidinger*. *Feliciano v. Red McCombs Hyundai Nw. GP*, L.L.C., 2026 U.S. Dist. LEXIS 246635, *4 (October 28, 2026).

> (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and
>
> (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device.

Tex. Bus. & Com. Code § 305.001.

As plainly stated, the Texas Act only applies to the making of a "telephone call" where the caller knows or should know that the number is a cell phone "for which the called person will be charged for that specific call." The plain language of the statute establishes numerous pleading requirements plaintiff has not met.

First, like the DNC provision of the TCPA discussed above, § 305.001 plainly applies only to "telephone calls." Chapter 305 likewise does not define "telephone call." In the absence of same, this Court should adopt the same plain language approach as discussed above. A "text message" is not a "telephone call."

Second, the Texas Act includes a requirement the caller "know or should have known" that the called number is a mobile telephone number, and that "***<u>the called person will be charged for that specific call</u>***." (emphasis added). Plaintiff has not alleged he was specifically charged for any of the texts, much less that OptSpot (or any Defendants) knew or should have known he would be charged for any of the specific texts.

## III. <u>CONCLUSION</u>

Plaintiff's claim fails as a matter of law. Section 227(c)(5) of the TCPA creates a private right of action only for receipt of more than one "telephone call," and plaintiff

alleges only text messages. Additionally, plaintiff does not allege he was charged for the specific texts, as plainly required by the Texas Act.

WHEREFORE, OptSpot respectfully requests the Court dismiss Plaintiff's Class Action Complaint with prejudice and grant such further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Whitney L. White*

Whitney L. White
Texas Bar No. 24075269
SESSIONS, ISRAEL & SHARTLE, LLC
5700 Granite Parkway, Suite 260
Plano, TX 75024
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant,*
*OptSpot, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas, and served via CM/ECF upon all Counsel of Record.

*/s/ Whitney L. White*
Whitney L. White