UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA WILSON, on behalf of himself and all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:26-cv-00217-O |
| vs. | § | |
| | § | |
| WASH MASTERS, L.P., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WASH MASTERS, L.P.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Wash Masters, L.P. ("Wash Masters") files this Reply in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## INTRODUCTION

This is a dispute over the interpretation of the phrase "telephone call" in the Telephone Consumer Protection Act ("TCPA"). In its motion for judgment on the pleadings, Wash Masters urged the Court to interpret "telephone call" to refer to a traditional voice call, the way every English speaker would understand the term. Plaintiff proposes a broader definition of "telephone call" that includes any communication made over any phone, including modern smartphones. Wash Masters concedes that some courts (but certainly not all) have adopted Plaintiff's expansive definition. But common sense and ordinary meaning should win the day here. *A text is not a call*. Because Plaintiff alleges he received texts, and not calls, his claims fail under a proper reading of Section 227(c) of the TCPA. 47 U.S.C. § 227(c). Rather than address every point raised in Plaintiff's response brief, Wash Masters principally addresses this statutory question and stands on its initial briefing for the rest of the arguments therein.

**ARGUMENT AND AUTHORITIES**

As a threshold matter, no binding Supreme Court or Fifth Circuit authority prevents the Court from following normal rules of statutory construction and construing the commonplace words "telephone call" according to their ordinary meaning. Although the Supreme Court has in two cases assumed *without deciding* that text messages count as telephone calls for TCPA purposes, it has never taken the question up or "weighed in on the issue" as Plaintiff asserts.[1] *Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016) (assuming without deciding); *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2 (2021) (same). And the Fifth Circuit's statement that "Congress banned [robotexts] in the [TCPA]," while forceful, is true dicta. *Cranor v. 5 Star Nutrition, LLC*, 998 F.3d 686, 688 (5th Cir. 2021). The question before the Fifth Circuit was whether a TCPA plaintiff could establish Article III standing based on the receipt of text messages. *Id.* This Court is free, therefore, to approach the text of Section 227(c) with fresh eyes.

The texts-as-calls interpretation has little going for it as a matter of bare statutory construction. Because common sense so strongly supports Wash Masters's argument, Plaintiff starts out considerably far behind. His technological-innovation argument is not enough to close the gap. Plaintiff begins with the true premise that "while every statute's meaning is fixed at the time of enactment, new applications may arise in light of changes in the world." *Callier v. The Finish Line, Inc.*, No. 3:25-cv-2331-B-BK, 2026 WL 2654093, at *3 (N.D. Tex. Aug. 19, 2026), *report and recommendation adopted*, 2026 WL 2648113 (N.D. Tex. Sept. 8, 2026). But Plaintiff misapplies that principle. He contends that because a telephone call was defined at the time of the TCPA's passage as "to communicate with or try to get into communication with a person by a telephone," every mode of communication made possible by modern mobile phones is

[1] ECF 41 at 5.

appropriately characterized as a telephone call.[2] In his words, "A text message sent to a telephone therefore falls comfortably within the ordinary meaning of a 'call.'"[3]

Plaintiff's argument appears sound at a quick glance, but it does not pass the smell test. For one, if "telephone call" had the capacious meaning with which Plaintiff ascribes it, why did English speakers not apply it to text messages when they became widespread? The same is not true of other, more recently developed modes of electronic communication, to which the term was readily applied. For example, an average person would use the word "call" in the following contexts: "I will call you on FaceTime." "I have a Zoom call at 3:00." "He called me over Whatsapp." "Try calling me over WebEx." But if John said, "I got a phone call from Jane," and Jane only sent John a text message, most people would consider John's statement inaccurate at best. What separates a text message from these other modern *calls*—Whatsapp, Zoom, Messenger, FaceTime (video or audio), etc.—is that a text message is written, asynchronous, and requires no immediate response.

Wash Masters's initial brief proposed those characteristics of telephone calls (along with initiation by inputting a code) as mere suggestions of where the boundaries of the concept may lie.[4] Plaintiff attacks that list of characteristics as being unsupported by authority.[5] The Court may not agree that those four particular qualities are the absolute *sine qua non* of telephone calls, but they do succeed in separating communications that are commonly referred to as "calls" in modern parlance and those that are not.

The common-sense interpretation does not limit "telephone call" to communications over devices that were available to people living in 1991 (when the TCPA became law). It allows for the aforementioned innovations to qualify as "telephone calls," as long as they share the

---

[2] ECF 41 at 7.
[3] ECF 41 at 7.
[4] ECF 36 at 5.
[5] ECF 41 at 7.

fundamental characteristics that make a call recognizable as a "call." The fact that society naturally extended the use of the term "call" to some communications, but not others, is therefore evidence that Plaintiff's understanding of the definition of "telephone call" is too broad.

The overbreadth of Plaintiff's interpretation can also be seen by following it to its logical conclusion. Although Plaintiff's intended purpose is to secure TCPA coverage for text messages, his definition would reach much farther than his response lets on. If "telephone call" truly encompassed literally *all* communications made possible by modern smartphones, then the TCPA would apply not only to a text message, but to a text message emoji "reaction," a disappearing photo on Snapchat, a Facebook friend request or "poke,"[6] an Instagram Story, an email, a move in a game of mobile-app chess, a mobile ad that appears before a YouTube video, and even a bit of location data that a user's mobile phone automatically sends to Google to enhance the user's advertising experience. All of these are modes of communication that are carried out over billions of phones every day. And it is obvious that the TCPA does not apply to them. Ergo, Plaintiff's definition of "telephone call" has a big scope problem.

The TCPA provides a right of action to any "person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c). The fact that the underlying regulations refer to more than telephone calls is irrelevant. If a plaintiff did not receive a "telephone call," the text of Section 227(c)(5) does not describe his situation. Notwithstanding Plaintiff's pages of briefing to the contrary, a text message is simply not a type of telephone call. It is an altogether different means of communication. And everyone knows it.

---

[6] *See* ABOUT POKES ON FACEBOOK, https://www.facebook.com/help/219967728031249, last accessed November 9, 2026.

Because Plaintiff alleges only that he received texts from Wash Masters and the other defendants, his complaint fails to state a claim under § 227(c)(5) of the TCPA and should be dismissed under Rule 12(c).

## CONCLUSION

For the reasons set forth above, Wash Masters respectfully asks the Court to grant its Motion for Judgment on the Pleadings, to dismiss the claims for the reasons set forth therein, and for such other and further relief to which Wash Masters is entitled.

Respectfully submitted,

/s/ *W. Andrew Boone*
Brian C. Newby
State Bar No. 14947320
bnewby@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
W. Andrew Boone
State Bar No. 24137937
aboone@canteyhanger.com
CANTEY HANGER, LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-877-2807

**ATTORNEYS FOR DEFENDANT WASH MASTERS, L.P.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 9th day of November 2026, the attached document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing.

/s/*W. Andrew Boone*
Andrew Boone